## George C. Shattuck *vs.* Joshua Lovejoy.

The assignment, without the approbation of the lessor, of a lease which contains a covenant that the lessee will not lease, underlet nor permit any other person to occupy without such approbation, does not determine the lease, without reëntry by the lessor; nor enable the lessor to maintain an action for use and occupation against one occupying part of the premises under the assignee before such reëntry.

Action of contract for the use and occupation of the second story of a building in Hanover Street in Boston, for the quarter ending January 1st 1855.

At the trial in the court of common pleas, at October term 1855, before *Mellen,* C. J., the plaintiff's title as devisee of his father was admitted, and the plaintiff introduced evidence that the defendant occupied the rooms in question and paid the rent for the quarter ending October 1st 1854, and continued to occupy the rooms during the next quarter.

The defendant offered evidence that the plaintiff's father, on the 1st of January 1850 made a lease of the building to Nichols, Irish & Church for five years, which, through sundry mesne assignments, came to Shumway & Campbell; and that the defendant entered into possession of the second story in September 1854, and paid the rent of the whole premises on the 1st of October as Shumway's agent, and occupied as tenant at will of Shumway.

The lease contained a covenant that " the lessees will not lease, underlet nor permit any other person or persons to occupy or improve the same, but with the approbation of the lessor, or those having his estate in the premises, thereto in writing having been first obtained; " and also the usual provision for a reëntry in case of a breach of covenant. There was no evidence that the plaintiff or his father had ever had any knowledge of the assignments, or consented thereto; or had ever entered upon the premises or taken any steps to determine the lease.

The plaintiff objected to the admission in evidence of any of the assignments. But the court admitted them, and instructed the jury " that if the lease was in force during the quarter in

question, and the plaintiff or his ancestor had not assented to the assignments, he would have a claim on the original lessees for rent; if said assignments had been assented to, his remedy was against Shumway & Campbell; and that if they were satisfied that during the quarter in question the relation of landlord and tenant did not exist between the plaintiff and the defendant, but the defendant was tenant at will to Shumway, the plaintiff could not recover."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. M. Parker*, for the plaintiff.

*L. H. Boutell*, for the defendant.

BIGELOW, J. Upon the facts proved at the trial, the plaintiff cannot maintain this action. During the time for which he now seeks to recover against the defendant for use and occupation, the term of years, created by the lease of the whole estate by his father, was still outstanding. So long as this lease remained in force, the plaintiff's sole remedy for rent of the premises was either by an action on the covenant for its payment against the original lessees, or of debt against their assignees. *Wall* v. *Hinds*, 4 Gray, 266. The defendant stood in neither of these relations. He occupied a part of the demised premises under a verbal agreement with the assignees of the lessees. There was no privity of contract or of estate between him and the plaintiff. The defendant was only an undertenant of the assignees, holding that part of the estate occupied by him as tenant at will. Com. Landl. & Ten. 52, 248.

The breach of covenant by the lessees, by assigning the lease, and permitting other persons to occupy the premises, without the approbation of the lessor or those having his estate in the premises, did not terminate the lease and revest the estate in the lessor or his assigns. The remedy for such breach was either by an action for damages against the lessees, or under the clause in the lease which gave the right to reënter and expel the lessees or those claiming under them, in case they committed a breach of the covenants. In the latter case, after such reëntry, the lessor or his assigns would be in as of the lessor's old estate,

and might claim for use and occupation of those who subse quently occupied the premises or any part of them. But until then the lease remained in full force, the term was still out-standing, and no claim could be made by the plaintiff for rent, except under the covenants in the lease, either against the lessees or their assigns.                    *Exceptions overruled.*