DAVID AUSTIN *vs.* THEODORE S. HARRIS & another.

If a lease contains a covenant not to underlet or permit any other person to occupy without
the lessor's assent, and that any breach of the lessee's covenants shall terminate his estate
therein; an agreement of the lessee to assign the demised premises for the residue of the
term is not complied with by an assignment duly executed by him, but not assented to
by his lessor.

ACTION OF CONTRACT to recover the amount agreed to be paid
for an assignment of a lease from Samuel Sheafe to the plain-
tiff. . Answer, that the plaintiff did not obtain his lessor's assent
in writing to the assignment, although the defendant requested
him to do so, and offered to pay him said amount if he would.
The facts are stated in the opinion.

*H. C. Hutchins*, for the plaintiff.

*J. W. Rollins*, for the defendants.

THOMAS, J.  This is, we think, a plain case.  The plaintiff, for
the consideration which he seeks to recover in this action, was
to assign to the defendants, on the 1st of February 1856, the
lease of the store numbered 219 on Washington Street, and to
give up and surrender to the defendants on that day " all that
part of the said building occupied by him the said Austin and
demised to him by said lease, for the remainder of the term of
said lease, to wit, until the first day of March 1856."  Here
is clearly, if not more, an agreement to give to the defendants
the legal possession of the store, and to permit them to use and
occupy the premises demised from the 1st of February to the
1st of March.

In the lease under which the plaintiff held the premises he
covenanted, among other things, " that he would not lease, nor
underlet, nor permit any other person or persons to occupy the
same, except with the approbation in writing of the lessor or
those having his estate in the premises."  It is one of the express
conditions of the lease, and the term granted is subject to the
condition, that " if any of the covenants to be observed on the
part of the lessee or those holding under him shall be broken,
the lessor or those having his estate in the premises, whilst such

neglect or default continues, may without further notice or demand enter upon the premises, or any part thereof in the name of the whole, and repossess the same as of his former estate, and thereby absolutely determine the estate of the lessee therein." The plaintiff had no approbation, written or oral, to assign he lease or to permit the defendants to occupy the premises.

The assignment tendered to the defendants would have trans ferred to them no use of the premises for the remainder of the term. If it operated even as a permission to the defendants to occupy, it would for that very reason have operated as a determination of the lessor's estate. The defendants had the right to a legal surrender of the premises for the remainder of the term, and not merely to a transfer formal but valueless.

*Judgment for the defendants*