ANNA AUGUSTA LYON, Respondent, *v.* SAMUEL A. LYON, Appellant.

The father of the parties died, leaving a will, by which he devised his real estate to his three sons, and directed, as long as plaintiff remained single, that his house should be her "home, free of expense as to paying any rent or privilege in said house." Defendant, having driven plaintiff away and refused her a home in her father's house, this action was brought to recover damages. *Held*, that plaintiff had, under the will, not simply a right to live in the house, but was entitled to such support and maintenance as she had received during her father's life, she rendering such services as a child under the same circumstances would be expected to render in her parents' family.

(Argued January 13, 1875; decided May term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment, in favor of plaintiff entered upon a verdict.

This action was brought to recover damages alleged to have been sustained by plaintiff in consequence of being deprived of a home, to which she claimed herself entitled under her father's will.

The father of the parties died, leaving a will, in which he gave all his real estate to his three sons, and ordered, that as long as his two youngest daughters, of whom plaintiff was one, remained single, that his house should "be their home, free of expense, as to paying any rent or privilege in said house."

Some time after the death of the testator, the defendant, by his misconduct, drove plaintiff from her house and refused to let her have a home in her father's house.

Further facts appear in the opinion.

*Close & Robertson* for the appellant.

*Robert S. Hart* for the respondent. The word "home" included board. (*Harteau* v. *Harteau*, 14 Pick., 186; *Robinson* v. *Cushman*, 2 Den., 152; 13 Md., 468.)

EARL, C. The sole question for our consideration is the proper construction of the following clause in the will of the father of the parties to this action: " I furthermore order, as long as my two youngest daughters remain single, my house shall be their home, free of expense as to paying any rent or privilege in said house." The defendant claims that plaintiff simply had the right to live in the house, but that she did not have the right to any support or maintenance therein. This claim is not well founded.

The plaintiff had always lived in her father's house and been supported by him. When he provided that his house should continue to be her home, he manifestly meant that she should have such a home as she had had — such a home as children have in the house of their parents with whom they live. The word "home" could have been present to his mind in no other sense, and in this sense it includes maintenance and support, she rendering such service as a child under the same circumstances would be expected to render in the family of her parents. As the plaintiff had always lived in her father's house, and as he gave her by his will only $500, payable in three years after his death without interest, a sum wholly inadequate for her support, it cannot be inferred that he intended that she should go out to service and thus earn her living. If he had intended this, what use would simple room in her father's house be to her? With nothing to support her she could not make that room her home. She was single, needed a home and support while single, and this he intended to give her. If he had meant simply room in his house, he would probably have used more appropriate language. He would have given her the right to live in his house or more probably the right to occupy some definite portion thereof. The last clause of the provision, that the house should be "free of expense," etc., does not limit the force properly to be given to the prior language used. The testator simply intended to emphasize his intention, that the home should be without any expense to his daughter; she was to have all the privileges of a home, without any expense.

It is claimed that the evidence did not show that plaintiff was, by defendant, deprived of such a home as the will gave her. There was some evidence tending to show that she was, and the decision of the jury upon the matter is final.

The judge refused upon the request of defendant's counsel to instruct the jury that, " if the plaintiff is entitled to a living in said house, as in the lifetime of her father, she is bound to render service to the defendant." This request probably involved a correct view of the law applicable to the relation of the parties under the will, but the facts of the case did not require the charge to be given. It was undisputed that plaintiff did render service to the defendant, and there was no evidence that she ever refused any service which defendant required of her, and his refusal to her of a home was in no way based upon any neglect or refusal of service on her part.

I therefore find no error in the trial and decision of this case and the judgment must be affirmed with costs.

All concur.

Judgment affirmed.