## Snodgrass *v.* Wolf.

### Decided September 10, 1877.

1877.
August Term. S. filed a bill in equity which alleges a written contract made by
S. and W. for the sale of certain land by W. to S. for the sum
of $125.00, to be paid in three months from the date of said
purchase, for which he, S., executed to said W. his note paya-
ble in said three months, and W. bound himself to convey the
said land to S. by "quit claim" deed "*as soon as possible;*" that
W. has failed to perform the requirements of the contract and
convey said lands to S.; that S. had been ready and willing at
all times to pay the note, and now tenders with his bill the
amount of said note, which he requests the court to place in
the hands of a receiver, to be held subject to the order of the
court, and prays that the court require said W. to execute
specifically the contract, and upon the failure of W. to do so
within the time prescribed by the court, that then a commis
sioner execute a deed in accordance with said contract; but
said bill does not allege any tender of the purchase money by
S. to W., or any demand made for the deed at any time before the
commencement of the suit. W. demurred to the bill which
was overruled, and then answered the bill, admitting the con-
tract as alleged in the bill, and avers that he will make the
deed as soon as possible after said money is paid; and further
charges that the money has not been paid or tendered to him.
HELD:

I. That the demurrer was properly overruled, as the plaintiff
by his bill makes such a cause that, if true, entitles him in
equity to relief against the defendant.

II. "Covenants are dependent or independent according to
the intention or meaning of the parties and the good sense
of the case."

1877.
August Term.

Snodgrass.
v.
Wolf.

III. Words and expressions of common use are to be taken in their natural, plain, obvious and ordinary significations, unless a contrary intention clearly appear from the context of the contract.

IV. The expression, "*as soon as possible*," in the contract between S. and W. construed to mean "as soon as it was within W's power," or "as soon as W. had the ability" to make the deed.

V. That if W. possessed the ability to make the deed before the three months expired in which the purchase money was to have been paid, he should have performed his part of the contract without delay, and have made and tendered the deed to S.; and it was a breach of his contract not to do so.

VI. If W. did not have it in his power to make the deed before the purchase money was due, then it was not a breach of his contract in failing to make and tender the deed to S. before the purchase money was due.

VII. S. files his bill after the purchase money was due, and therein professes to tender the purchase money in court and demands the deed; and W. in his answer does not deny his ability to make the deed, but merely asserts that he did not make and tender the deed because the purchase money had not been paid or ever offered to him, if S. did in fact make tender of the money with his bill then under the pleadings in the cause, it was the duty of the court to direct W. to make the deed within a reasonable time, and upon his failure so to do, to direct a commissioner to make the deed to S., but the court should have further decreed the payment of the money, tendered in court by the bill, to have been made to W. upon the filing of the deed in the cause.

VIII. If the money was not tendered in court by the bill, the court should have decreed how the money should be paid to W. upon his making and filing the deed, or the making and filing thereof by a commissioner for S., and have directed proper surety by lien on said land for the payment of said money.

IX. The county court having directed the deed to be made to S. by W., and upon his failure to do so, then to be made by a commissioner; but not having provided in its decree for the payment of the purchase money to W., nor even directed any surety by lien on the land for its payment, it was error, for which the circuit court should have reversed

the decree and rendered such decree as the county court should have done.

An appeal and *supersedeas* granted upon the petition of Jacob Wolf, the defendant below, from and to a decree of a circuit court of the county of Ritchie, rendered on the 20th day of October 1876, affirming a decree of the county court of said county, in a cause in chancery, in which E. L. Snodgrass was plaintiff and said Jacob Wolf was defendant.

The Hon. J. Monroe Jackson, Judge of the fifth judicial circuit, presided at the hearing below.

MOORE, JUDGE, who delivered the opinion of the Court sufficiently states the case.

*John A. Hutchinson,* for appellant :

1st. The time of payment of the purchase money having arrived before the suit of appellee was instituted, the agreements to pay the money and make the deed were mutual. It is inequitable to compel the vendor to convey, and not require the vendee to pay in the same suit. *Seton* v. *Slade,* 7 Ves. 265; Fry's Specific Perf. §297, §608; *Colson* v. *Thompson,* 2 Wheat. 336; *Vail* v. *Nelson,* 4 Rand. 478; *Watts* v. *Waddle,* 6 Peters. 389.

2d. To require the vendor to convey, without providing for payment of purchase money due him, is to cut off his equitable lien, if not to bar his claim forever. *Boone* v. *Mo. Iron Co.,* 17 How. U. S. 340; *Kendall* v. *Almy,* 2 Scammon 278.

*R. S. Blair,* for appellee :

1st. Covenants are either *dependent* or *independent,* according to the *intention* and *meaning* of the parties and the *good sense* of the case.

Authorities on that point: *Pordage* v. *Cole,* 1 Sand. 319, note 4; *Hotham* v. *East India Company,* 6 Tenn. 571; *Porter* v. *Sheppard, ib.* 668; *Campbell* v. *Jones, ib.* 571; *Morton* v. *Lamb,* 7 Tenn. Rep. 120.

1877.
August Term.

Snodgrass
v.
Wolf.

2d. The covenant between Wolf and Snodgrass was independent, and being so, Wolf could not enforce the payment of the purchase money until he made a deed; but Snodgrass could. *Brockenbrough* v. *Ward's adm'r.* 4 Rand. 355.

3d. If a vendor can make an absolute deed without payment of purchase money, what is to prevent his *making* a *contract* to *make a deed* without the payment of *purchase money ?*

4th. Where covenants are once established to be mutual and independent, they continue so throughout. *Bradshaw* v. *Collaghan,* 3 Johns. 79.

Collection of authorities referred to: 2 Rob., (new) Prac. 60-1; *Dry* v. *Dox,* 9 Wend. 134; *Thorpe* v. *Thorpe,* 1 Salk. 171; *Pordage* v. *Cole,* 1 Saund. 319, note. 4; *Hotham* v. *East India Company,* 6 Tenn. 571; *Porter* v. *Sheppard, ib.* 668; *Campbell* v. *Jones, ib.* 571; *Morton* v. *Lamb, ib.* 120; *Brockenbrough* v. *Ward's adm'r,* 4 Rand. 352; *Bailey* v. *Clay, ib.* 350; *Roach* v. *Dickinson,* 9 Gratt. 157; *Fry* on Specific Performance 373.

MOORÈ, JUDGE, delivered the opinion of the Court:

The complainant filed his bill on the equity side of the county court of Ritchie county, by which he alleged, that on the 30th day of April 1875 he purchased of the defendant, Wolf, a tract of land lying and being in said county, containing two hundred and fifty acres, at and for the sum of $125.00, "to be paid in three months from the date of said purchase;" that he "executed to said Wolf his note for said $125.00, due and payable as aforesaid;" that at the time of said purchase they reduced their contract to writing, which contract complainant exhibited with his said bill, as a part thereof; that by the terms of said contract, said Wolf bound himself to convey the said land to complainant by 'quit claim' deed as soon as possible;" "that although it has been one year and more from this date, to-wit: 5th of May 1876,

yet the said Wolf has failed to perform the requirements of the said contract and convey the said land to him;" that he, the complainant, "has been ready and willing at all times to pay the said note in the said contract named, and now here in court with this his bill tenders the said amount of said note, and asks the said court to place the said amount in the hands of the receiver of this court, or if there be none, then that one may be appointed for the purpose, and that the said receiver hold the said money in his hand subject to the order of this court;" that he is entitled to a deed from said Wolf for said land under the contract of April 30, 1875.

The complainant by said bill prayed that a decree be pronounced, requiring said Wolf to specifically execute the contract, and upon failure so to do within the time prescribed by the court, that a commissioner be appointed to execute a deed in accordance with said contract; and for general relief. The agreement is as follows:

"*This Agreement witnesseth*, That whereas, Jacob Wolf has sold to E. L. Snodgrass two hundred and fifty acres of land, being that portion of land assigned to him in suit of partition against Jacob Smith's heirs of one thousand six hundred and ninety acres, patented to said Smith in his lifetime, for which tract of land the said E. L. Snodgrass agrees to pay said Wolf the sum of $125.00, for which he has executed his note, payable in three months from this date to said Wolf; and the said Wolf agrees to make and execute a "quit claim" deed to said Snodgrass for said land as soon as possible.

"In witness whereof we hereunto set our hands this 30th day of April 1875.

"JACOB WOLF,<br>
"E. L. SNODGRASS."

On the 17th day of June 1876 the defendant, Wolf, having demurred to said bill, the court overruled the said demurrer, and the defendant then filed his answer to said bill, to which the complainant replied generally.

1877.
August Term.

Snodgrass
v.
Wolf.

The defendant in his answer admits the making of said contract, and that it is the same as exhibited with plaintiff's bill; and he represents that he "will make and execute a deed as specified, as soon as possible after the $125.00, the consideration, is paid to him." He substantially avers that the said money has not been paid or tendered to him, and for that reason the deed had not been made. He denies the right of the court to receive said money and place it in the hands of a receiver until the money should first have been tendered him and he had refused to receive the same, &c.

It is proper here to remark that there is no allegation in the bill that the plaintiff ever tendered the defendant the purchase money or demanded the deed at any time before the commencement of this suit.

On the 17th day of June 1876, the said county court entered the following decree in the cause:

"The process in this cause having been properly executed upon the defendant, bill filed and the rules properly taken thereon as directed by law, and this cause coming on this — day of June 1876 to be heard upon the summons so executed, bill, exhibits and answer of defendant, Wolf, with general replication thereto, was argued by counsel. Upon consideration whereof the court is of the opinion that the plaintiff is entitled to the relief prayed for in his said bill. It is therefore adjudged, ordered and decreed that unless the said Jacob Wolf do convey unto the said E. L. Snodgrass, the complainant, the two hundred and fifty acres mentioned and described in Exhibit "A," filed with the bill of complaint, within thirty days from this date, by deed of quit claim ; that then R. S. Blair, who is hereby appointed a commissioner for the purpose, do for and on behalf of the said Jacob Wolf convey unto the said E. L. Snodgrass the two hundred and fifty acre tract set out in Exhibit "A," filed with the bill of complaint, for which the said Blair is allowed the sum of $5.00 which is to be taxed by the clerk in the costs of this suit.

suit.  And it is further adjudged, ordered and decreed that the complainant recover of the defendant his costs herein expended.  And it is further adjudged, ordered and decreed that the sheriff of Ritchie county do give possession to the complainant of the said premises so conveyed by said Blair, as commissioner aforesaid, provided the complainant require him so to do; and in order that the sheriff may carry this order into effect, the clerk is required to issue a writ of possession upon the request of the complainant."

Thereupon the defendant applied to the Judge of the circuit court of said county, and obtained an appeal from and *supersedeas* to said decree, and the cause having been heard by said circuit court upon said appeal, on the 20th day of October 1876, said circuit court affirmed the said decree of the said county court, being of opinion there was no error therein.

From that decree an appeal has been taken to this Court.

The appellant assigns as error :

1st.  The overruling of the demurrer.

2d.  That the decree did not provide for the payment of the purchase money to said Wolf, the money being all due when the suit was commenced.

As to the overruling of the demurrer, I do not see that the county court erred therein, as the plaintiff by his bill makes such a cause, that, if true, entitles him in equity to relief against the defendant, especially as the plaintiff alleges tender of the purchase money with his bill in court.

Great consideration has been given in the argument, to the consideration of dependent and independent covenants and it is argued by appellee that the expression in the contract, " *as soon as possible,* " means " *immediately,* " or " *in a reasonable time* ; " and that the expression clearly proves, that the parties intended "that Wolf should convey the land before the purchase money was payable. "

1877.
August Term.

Snodgrass
v.
Wolf.

It is true, as has often been adjudicated, that covenants are dependent or independent, "according to the intention and meaning of the parties and the good sense of the case, and technical words should give way to such intention." *Brockenbrough* v. *Ward's adm'rs*, 4 Rand. 355, and cases there cited.

And in the case of *Roach* v. *Dickinsons*, 9 Gratt. 156-7 Judge Daniels said: "There is, perhaps, no branch of the law in which is to be found a larger number of decisions or a greater apparent conflict of authorities, than that in which the effort has been made to define the dependence and independence of covenants, and to designate the class to which any given case in dispute is to be referred. The great effort however in the more recent decisions has been to discard, as far as possible, all rules of construction founded on nice and artificial reasoning, and to make the meaning and intention of the parties, collected from all the parts of the instrument rather than from a few technical expressions, the guide in determining the character and force of their respective undertakings."

Yet the learned Judge admits, "that some general rules must necessarily be adopted as aids in arriving at this meaning and intention; and when, by a train of precedents, certain expressions have received a well known construction, parties may be fairly supposed to have used them in the sense thus given to them, unless a contrary purpose is plainly indicated by other parts of the instrument."

Words and expressions of common use are to be taken in their natural, plain, obvious and ordinary significations, unless a contrary intention clearly appear from the context of the contract. Now in construing the expression, "*as soon as possible,*" I have not been able to find any judicial construction thereof, notwithstanding it is a very common one. I am of opinion that the proper construction to be given to that expression in the agreement in the case before us, should be that the deed

should be made by said Wolf, "as soon as it was within his power" to do so ; or in other words, "as soon as he had the ability" to make the deed. If he possessed that ability before the three months expired, in which the purchase money was to have been paid, he should have performed his part of the contract without delay, and have made and tendered the deed to Snodgrass; and it was a breach of his contract not to have made and tendered the deed; but on the other hand if he did not have it within his power to make the deed before the purchase money was due, then it was not a breach of his contract in failing to make and tender the deed to the purchaser before the money was due ; and had the purchaser filed his bill to have enforced the making of said deed before the purchase money was due, I apprehend the vendor could have defeated the object of the bill, by showing that it had not been in his power to make the deed, after the exercise of due diligence on his part to obtain the ability to do so.

But, as the bill was filed after the purchase money was due, and as the bill professes to tender the purchase money in court with its demand for the deed, and as the defendant in his answer does not deny his ability to make the deed, but merely asserts that the reason he had not conveyed the land as agreed, was because the purchase money "had not been paid to him or ever offered to him," if the purchaser did in fact make tender of the purchase money, as he professes to do in his bill certainly, under the pleadings in the case, it was the duty of the court to have directed the deed to be made by the vendor within a reasonable time, and if not so made, then that it be so made by a commissioner, and that the purchase money should be paid to the vendor upon the filing of the deed in the cause. If the purchase money was not in fact tendered with the bill, being due, I know of no right the purchaser had in a court of equity to ask for and receive a deed, without either paying the money, or its being secured to be paid by the direction of the decree. In this case the county court directs absolutely

the deed to be made, without directing the purchase money to be paid upon delivery of the deed, or directing any security whatever for its payment after the deed is made, not even authorizing the retention of the vendor's lien. Furthermore if the purchaser did in fact, tender with his bill the purchase money, as he pretends to have done, the court should have taken notice of that fact, and have by its decree directed a proper disposition of the money. The decree has taken no notice of that matter. In truth the decree grants more than equity to the purchaser, but ignores all equity to the vendor, by requiring the conveyance of the vendor's land without providing for the payment of the purchase money to the vendor, or directing any surety for its payment. The court having jurisdiction of the case must perform equity and be just. It has not done so in this case.

The decree of the said county court of June 17, 1876 is clearly wrong, and should have been reversed by the said circuit court, with costs to the appellant against the appellee; and the said circuit court's decree of October 20, 1876 affirming said county court's said decree, is erroneous, and should be reversed with costs to the appellant against the appellee.

For the foregoing reasons the said decree of the circuit court affirming the decree of the county court is reversed and annulled, with costs to the appellant against the appellee in this Court expended. And this Court proceeding to render such decree in the cause, as the said circuit court should have rendered, it is adjudged, ordered and decreed, that the said decree rendered in this cause by the county court of said county of Ritchie, of June 17, 1876, be and the same is hereby reversed and annulled, and that the said Jacob Wolf recover against the said E. L. Snodgrass his costs about the prosecution of his appeal in this cause expended in the said circuit court; and this cause is remanded to the said circuit court for such further proceedings to be had therein according to the principles settled by the opinion filed in

this cause, and further according to law and the rules and principles governing courts of equity.

DECREES REVERSED and cause remanded.