# WHEELING.

## SHUTTLEWORTH *v.* SHUTTLEWORTH.

Submitted June 7, 1890.—Decided June 21, 1890.

DEEDS—DEMURRER.

    A. being the owner of three hundred and sixty-seven acres of land and the father of seven daughters and two sons conveyed said tract of land to his two sons in consideration of love and affection and for the further consideration, that said grantees would at his death pay to each of their sisters the sum of two hundred dollars, and possession of said land was to be delivered to said grantees after the death of their father and mother, it being further agreed and understood upon the face of the said deed, that, should any of the above-named sisters of the grantees be living and unmarried at the death of their father and mother, such unmarried sisters might remain upon said land and have a home thereon as long as they or any of them respectively should live and remain single and unmarried. After the death of A. and his wife the only sister remaining unmarried filed her bill against said grantees, claiming that under said clause she was entitled in addition to a residence on said land to a full support and maintenance out of the same. Upon demurrer to said bill *held*, that, it appearing from the admission of plaintiff in her said bill that she was residing in the mansion-house on said land without objection by the said grantees, and had been so occupying the same since the death of said grantor and his wife, she was enjoying all she was entitled to under said clause, and that said demurrer should be sustained.

*P. H. Keck & Son* for appellants, cited 75 Va. 12.

*Berkshire & Sturgiss* and *J. Moreland* for appellee cited: 4 Pa. St. 93; 13 Md. 459; 2 Redf. Wills 127, 128; 1 Redf. Wills 572, 594, 665.

ENGLISH, JUDGE:

On the 9th day of August, 1856, one Joseph Shuttleworth, who was a resident of the county of Monongalia, and the owner of considerable real estate and personal property located therein, and had a family consisting of seven daughters and two sons, made a deed to his two sons, Jesse Shuttleworth and Samuel T. Shuttleworth, for three tracts of land, containing in the aggregate three hundred

and sixty seven acres, in consideration that the said grantees should pay to their sisters, Lurand, May, Minerva, Rebecca, Katherine, Charlotte and Louisa, each two hundred dollars at the death of their father and mother, said grantees to pay said consideration in equal proportions; and in case any or either of said sisters should die before their respective installments became payable, leaving children, then and in that event said money should be paid to their children.    It was also provided in said deed that said grantees should not have possession of said premises until after the death of their father and mother, or the survivor of them; and it was further provided, as an agreement and understanding on the face of said deed, that, should any of the above-named sisters of the grantees be living and unmarried at the death of their father and mother, in that event such unmarried sisters might remain upon said land and have a home thereon, for so long as they or any of them respectively should live and remain single and unmarried.    The said Joseph Shuttleworth died some time in the year 1870, having made a last will and testament by which he gave to his wife, Mary, all of his estate, real and personal, and to his sons, Jesse and Samuel, one dollar each in cash, and stated that, in view of the fact that he had theretofore deeded his real estate, consisting of the farm on which he then lived, to his two sons, Jesse and Samuel, he directed that his said wife should hold and keep possession of his farm until her death, and further directed and wished his said wife to dispose of his personalty therein mentioned equally between his daughters, or their heirs descended from them directly.

On the 19th day of October, 1886, the said widow of Joseph Shuttleworth having departed this life, Louisa Shuttleworth, being the only daughter of said Joseph remaining unmarried, filed her bill in this cause against said Jesse and Samuel Shuttleworth, in which she alleged, that by reason of the clause aforesaid in said deed of Joseph Shuttleworth to said defendants she was entitled to remain upon said land, and have a home thereon, for so long as she should live and remain single and unmarried; and that the true and proper construction of said clause

meant that she should have the entire possession, use and control of said land to the extent that the same should be required for her comfortable maintenance and support, and that the plaintiff should be supported and maintained upon said land decently and respectably, according to her station and rank in society, and as would be becoming the daughter of the said Joseph Shuttleworth, deceased, which would in fact require nearly or quite all of said farm, or its rents and profits, under the circumstances of the case ; and that such was not only the meaning of said clause in said deed, but was the intention of the grantor therein.   She also alleged, that since the death of said Mary Shuttleworth the said Jesse and Samuel T. Shuttleworth had taken possession of said land, and divided it between themselves; that she was allowed to remain in the old mansion-house on said land, which is an old-fashioned farm-house large and commodious, but old and dilapidated, and falling into ruin over her head, and that she has neither farm-land nor pasturage, and that the defendants had dispossessed her of the stable and barns and granaries and pretty much all the out-buildings on said land, and had even encroached upon the yard and garden with their stock, so that she was barely allowed to stay in an old tumble-down mansion, which she could not afford to repair at her own expense; and that she could not thus have a home, even in name only.   She also alleged, that the true intent and meaning of said deed was that she should be supported and maintained upon said farm and out of the rents and profits thereof; that is, she should have the whole use and enjoyment with the rents and profits of said land while she lived and remained unmarried.   She prayed that the provisions of said conveyance might be construed, and that she be decreed a support and maintenance from said land, or otherwise that she be decreed the possession, use and occupancy of the whole of said lands for a home and support for her.

The defendant, Samuel T. Shuttleworth, appeared at rules and filed his demurrer and answer to the plaintiff's bill ; and afterwards Jesse Shuttleworth also filed his answer to the plaintiff's bill.   Several depositions were taken in the cause, and on the 17th day of June, 1887, a decree

was rendered by the Circuit Court of Monongalia county in said cause, in which said court held, that by a proper construction of said clause in said deed the plaintiff was entitled not alone to a home upon said land but also to support and maintenance to be derived from said land, or, if the defendants so elected, to be provided and furnished by them to her while she should remain unmarried; and that her support and maintenance, so to be provided and furnished, constituted a charge upon said land, and that in the event the defendants were unwilling to so support and maintain her, commissioners be appointed to assign to her a sufficient quantity of said lands by metes and bounds, to make her not only a home, but to comfortably and properly maintain and support her according to her condition in life and standing in society as the daughter of said Joseph Shuttleworth; and defendants were allowed until the next term of said court to elect whether they would so support and maintain the plaintiff on said land or not.

At the next term of said court, it appearing that said defendants had declined and refused to furnish the plaintiff any support in accordance with the above-mentioned decree, the court appointed commissioners to go upon the land, and lay off by metes and bounds, and assign to said plaintiff, so much thereof as would, in their judgment, be sufficient for the reasonable and comfortable support of the plaintiff during her natural life, or so long as she should remain unmarried; and, said commissioners having at a subsequent term made a report of the partition made by them, exceptions were indorsed thereon by the defendants, and subsequently the said court overruled said exceptions, and confirmed the report of said commissioners, which partitioned and assigned to plaintiff forty eight acres of said lands, including the mansion-house, during her lifetime, or so long as she should remain unmarried—from which decrees the defendants applied for and obtained an appeal to this Court.

The action of the court below in overruling the demurrer to the plaintiff's bill presents for our consideration the question whether said plaintiff by her bill has shown her-

self entitled to the relief prayed for. She exhibits and makes part of her bill the deed from Joseph Shuttleworth, her father, to her two brothers, Jesse and Samuel T. Shuttleworth, and claims that, under the circumstances existing at the time her bill was filed, her father and mother then being dead, and she being the only unmarried sister of defendants, she is entitled, not only to a home on said land, but to the entire possession and control of said land to the extent that the same shall be required for her comfortable maintenance and support. The plaintiff admits that the defendants have allowed her to remain in the old mansion-house on said land, which is an old-fashioned farm-house, and is large and commodious, but says that it is old and dilapidated, and is falling into ruin over her head, and that the defendants have taken possession of all said lands, so that she had neither farm-land nor pasturage.

Now the question is whether the plaintiff was entitled to anything more under said clause in said deed, which is made part of her bill, than she admits she already had and enjoyed, to wit: "She was remaining upon said land, and had a home thereon," occupying her father's mansion-house. Did a proper construction of said clause in said deed entitle her to demand and obtain more than she already had? The contention of the plaintiff is that the language used in said deed would entitle her not only to a residence on said land, but also to a comfortable support and maintenance out of said land.

That such was not the intention of the grantor in said deed is apparent from the fact that the possession of said lands was given to said defendants, by the terms of said deed, on the death of their father and mother, only reserving the right to any unmarried daughter or daughters of the grantor to remain upon said land, and have a home thereon. The absolute fee simple with covenants of general warranty was conferred on the grantees by said deed, subject only to the life-estate of the grantor and his wife, and the right reserved to any unmarried daughter or daughters to remain and have a home thereon, while they remained single. The consideration to be paid by the grantees appears on the face of said deed to be love and

affection, and two hundred dollars to be paid by them to each one of their sisters, who were seven in number, and who appear to have been provided for out of the personal estate left by said grantor, but nothing is said in said deed about the support and maintenance of said daughters, or any of them, by the grantees as a part of said consideration, but the grantor, who appears to have been careful and considerate in making a disposition of his property, both by deed and will, is silent in both of said instruments as to any charge upon said lands for the support of his daughters, or either of them, while they remained unmarried; and it occurs to me that a man who appears to have been so accurate and explicit, as the grantor in this deed has shown himself, in disposing of his property would not have left the claim contended for by the plaintiff to inference, but would have expressed his intention in clear terms, as he did in the other provisions contained in said deed.

If the other six daughters had remained single, they would have been entitled to precisely the same, under the provisions of said deed, that the plaintiff in this case would be entitled to, and if they were all allowed what the plaintiff claims, and what the court seems to have awarded her, they would have been allowed three hundred and thirty six acres out of the three hundred and sixty seven deeded to defendants, to use and occupy during their lives, if they remained single so long, and the grantees in said deed would have had but thirty one acres left to divide between them.

A party, however, may be entitled to a home on a tract of land, and not be entitled to a support and maintenance out of the land, or may be entitled to a support and maintenance from a farm or tract of land, and have no right or claim to a home on the same. The expression "have a home on said land," as used in this deed, to my mind does not include the right to support and maintenance therefrom. In the case of *Snodgrass* v. *Wolf*, 11 W. Va. 158, this Court held, that in construing a deed "words and expressions of common use are to be taken in their natural, plain, obvious and ordinary significations, unless a contrary intention clearly appears from the context;" and in Washburn on Real Property (vol. 3, p. 350)

the author says, quoting from *Stanley* v. *Green*, 12 Cal. 162: "It is, however, a settled rule, that a deed must be construed *ex visceribus suis*, when the intent is clearly expressed. No evidence of extraneous facts or circumstances can be received to alter it. The nature and quantity of the interest granted are always to be ascertained from the instrument itself." See, also, *Caldwell* v. *Fulton*, 31 Pa. St. 489; *Bond* v. *Fay*, 12 Allen, 88. Webster defines the word "home" as follows: "A dwelling-house; the house or place in which one resides;" "the place of constant residence." If, then, we adopt this as the ordinary meaning of the word "home," and apply the rules of construction above indicated, we have little difficulty in determining that the plaintiff in her bill has shown at the time of the institution of her suit she was in the full enjoyment of all she was entitled to under the provisions of said deed, without let or hindrance from the defendants, or either of them, and she was not entitled to the relief prayed for in her bill.

The court below therefore erred in over-ruling the demurrer filed by the defendants and in decreeing the plaintiff the relief prayed for; and, for the reasons hereinbefore indicated, the decrees complained of must be reversed, and this Court proceeding to render such decree, as should have been rendered by the court below, it is ordered that the defendent's demurrer to the plaintiff's bill be sustained, and the plaintiff's bill be dismissed; and the plaintiff must pay the costs of this appeal and the costs in the Circuit Court.

REVERSED. DISMISSED.