Merrimack, }
June 30, 1917. }

### AMELIA H. HILL v. BURT W. CARR, *Ex'r.*

Where there is doubt as to the understanding of the parties to a verbal contract, the court may allow the jury to determine how the language used was understood, subject to instructions as to the legal effect of such contract as they may find was made.

Whether in pursuance of an oral agreement to furnish the defendant "a home" for an agreed sum, all the services rendered were included under that term was properly submitted to the jury.

In the absence of specific exception, the presumption is that proper instructions were given to the jury.

An instruction not excepted to becomes the law of the case, and is not open to review.

ASSUMPSIT, to recover for board, room, care and special attention furnished the defendant's testatrix, Hannah Carr, in her lifetime according to the following specification:

| | |
|---|---:|
| To board and room from June 15, 1902 to March 30, 1907, 250 weeks at $4.00 per week, | $1,000.00 |
| " board, room, washing, mending, nursing and special care of Miss Carr from March 30, 1907 to February 10, 1912, 254 weeks at $5.00 per week, | 1,270.00 |
| " board, room, washing, mending, nursing and special care of Miss Carr from February 10, 1912, to February 10, 1914, 104 weeks at $7.00 per week, | 728.00 |
| | $2,998.00 |

Credit.

| | |
|---|---:|
| 1902 | |
| June 15, Credit by cash, | 1,000.00 |
| | $1,998.00 |

Trial by jury and verdict for the plaintiff for the amount of the specification. There was evidence the services for which payment was claimed were rendered and that they were of the value charged. At the close of the evidence, the defendant's motion that a verdict be directed for him on the ground that the items of the specification were covered by an express contract was denied subject to

exception. No other exceptions are reported. Transferred from the October term, 1916, of the superior court by *Sawyer*, J.

*Harry J. Brown*, by brief and orally, for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

PARSONS, C. J. From the acceptance by the defendant's testatrix of the service rendered her, the law implies a promise to pay what the service was worth. The fact of service and its value are not contested but the defendant contends that the evidence conclusively establishes that all the services were rendered under an express contract to furnish them for a fixed sum paid in advance. The only exception before the court is one to the refusal of the court to order a verdict for the defendant at the conclusion of the evidence. To sustain the exception therefore not only must the existence of the alleged contract conclusively appear, but it must appear with equal conclusiveness that all of the services claimed in the specification and proved were within the terms of the contract. There was no written evidence of the alleged contract. One of the parties being dead, there was no evidence from the parties themselves as to the contract or its terms. The evidence comes from the plaintiff's husband, who testified that the testatrix, Miss Carr, then a woman eighty-two years of age "offered a thousand dollars to come and have a home with us and finally we talked it over and concluded to let her come. She said she would give a thousand dollars to come and have a home with us; there was nothing said about how long the home should be for or anything of the kind." Upon this statement of the contract, conceding that the evidence must be held to conclusively establish the existence of such a contract, the question arises, what did the parties understand to be included in the term "home" which Miss Carr was to have with the plaintiff.

Occasion for discussion of the meaning of the word 'home' has arisen in the construction of wills in which a home is given to one legatee at the expense of another. The word has been construed to mean merely a place of residence. *Clough* v. *Clough*, 71 N. H. 412, 416, 417; *Gibson* v. *Taylor*, 6 Gray 310; *Shuttleworth* v. *Shuttleworth*, 34 W. Va. 17, 22, 23; *Kennedy's Appeal*, 81½ Pa. St. 163; *Nelson* v. *Nelson*, 19 Ohio 282; and in other cases to include board

and maintenance, *Willett* v. *Carroll*, 13 Md. 459, 468; also necessary food and fuel but not clothing, *Denfield, Pet'r*, 156 Mass. 265; and to include both lodging and sustenance subject to an obligation to render service. *Day* v. *Towns*, 76 N. H. 200; *Lyon* v. *Lyon*, 65 N. Y. 339. "It is manifest that the word 'home' has not such a fixed meaning that it would accurately and precisely limit an obligation like the one here in question. Recourse may therefore be had to other evidence to ascertain the intent of the parties." *Day* v. *Towns, supra, p.* 201. The question is what did the parties understand was to be furnished and received under the term 'home' as adopted in their contract, if they made such a contract. The evidence competent for consideration is the situation of the parties at the time; the amount of the consideration paid; the age of the person to whom it was to be furnished with her probable duration of life, if the home was to be for life; and the practical construction of the parties. "As it is the province of the jury to weigh the testimony of witnesses, and determine its effect, so it is competent for the court, in its discretion, where a contract is merely verbal, and there is doubt as to the precise language used, or as to the understanding of the parties, to leave it to the jury to judge what is proved, and what language was used, and how it was to be understood, subject to proper instructions as to the legal effect of such contract as they may find to have been made." *Folsom* v. *Plumer*, 43 N. H. 469, 472. The testatrix, Hannah Carr, was eighty-two years of age at the time it is alleged the contract was made, and in good health for a person of her age; she had other property; there was a special reason in the necessities of the plaintiff for the payment of the lump sum of $1,000 at the time. The testatrix was furnished by the plaintiff with room and board, but, becoming ill in 1910 and requiring a nurse, the amount paid by the plaintiff to the nurse was repaid by Hannah. She had a doctor, but there is no evidence the plaintiff paid him. Later she became ill of a cancer requiring special care and attention of a peculiarly disagreeable character, which the plaintiff furnished. From this evidence it could be found that even if the parties understood the furnishing a home to include board and lodging, they also understood it did not include the special nursing and care rendered necessary by the disease which developed long afterward. And, as the service was rendered, the plaintiff, even if the contract was made as the defendant claims, could recover therefor. Hence to have granted the defendant's motion would have been error. The defendant argues that the plaintiff at the trial

claimed to recover for all services charged upon a *quantum meruit* or agreement to pay what they were reasonably worth, and that the position that a portion of the services were not covered by the contract set up by him cannot now be taken since no such position was taken at the trial. The plaintiff claimed to recover for certain services according to her specification. The defendant claimed the evidence conclusively proved a contract in consideration of $1,000 paid to perform all the service for which payment was asked, and in reliance upon that claim moved that a verdict be directed for him. The motion was properly denied as the contract was not necessarily an answer to all of the specification. It was then the defendant's, not the plaintiff's, duty to ask for an instruction as to how much of the specification was answered by the alleged contract. The presumption is that such instructions as were proper were given.

In this case, however, although no exceptions were taken to the charge, it has been reported and it appears the issue submitted to the jury was whether the services were rendered under an agreement to pay what was reasonable with an advance payment of $1,000 to enable the plaintiff then to pay off a mortgage upon her home or whether the agreement was that the plaintiff should care for the testatrix as long as she lived, the $1,000 paid being full compensation therefor. No exception was taken to the charge and the question whether there was evidence authorizing recovery by the plaintiff upon the issue submitted is not, as has been said, raised by the exception taken. But this question has been argued and failure to consider it might give a wrong impression. The question therefore is discussed although technically not presented by the record. As already suggested, it was for the jury to find what the contract was. The services and their value were proved, from which the law implies a promise to pay what the services were worth. The defendant relies upon an express promise by the plaintiff to render the services without further compensation than the $1,000, then paid. Whether the plaintiff so promised is a question of fact. The evidence tending to prove the promise is the testimony of the husband before recited and the fact that Hannah paid the $1,000, came to the plaintiff's home to live and remained there until about six months before she died. There was also evidence from two witnesses that the deceased after occupying the home for a long time expressed the feeling that she was living on charity because she had outlived all she had paid in. The parties draw opposite

inferences from these statements but which inference should be drawn is for the jury to decide. Although Hannah Carr left the plaintiff's home about six months before her death because a physical injury to the plaintiff rendered it impossible for her longer to care for the testatrix, it does not appear she ever claimed that the plaintiff was liable for her subsequent support, or that her conservator, or the defendant have made such claim.

Whether Hannah Carr paid the $1,000, and came to the plaintiff's home in reliance upon a promise such as the husband's evidence tends to prove, involves probabilities of which the jury are judges. Upon this question the considerations before suggested as to the probable understanding of the parties as to the word 'home' bear with more or less force. The effect of the contract, if found to be proved, was clearly explained to the jury. Whether the contract was made was properly left to them. The defendant argues that in the presence of an express promise to pay the law will not imply one. This is so, but the verdict shows that the express agreement relied on by him was not proved to the satisfaction of the jury. There was also evidence offered by the defendant of statements made by the plaintiff tending to establish the contract as claimed by him. A nonsuit is not ordered upon evidence offered by the defendant, "for the plaintiff is not obliged to yield to the evidence, and is entitled to have it weighed by the jury." *Pillsbury* v. *Pillsbury*, 20 N. H. 90, 97. The defendant argues that as the plaintiff did not go upon the stand to deny making the admissions of which his witnesses testified, she admitted having made them. The claim is that the plaintiff could have testified whether she made the admissions or not, because Hannah was not present when they were claimed to have been made and could not have testified upon the subject. But Hannah, if living, could have testified to the contract and the plaintiff's testimony denying an admission that the contract was as the defendant claims would be indirect testimony that the contract was as she claimed. Whether this would or would not exclude her testimony is now immaterial. The jury were instructed that they could not draw any inference against the plaintiff because she did not testify. This was the law of the trial and as no exception was taken it became the law of the case. The question is not now open. This is not a case of uncontradicted evidence tending only to one point (*State* v. *Harrington*, 69 N. H. 496; *Arnold* v. *Prout*, 51 N. H. 587), but one where the sufficiency of the evidence relied upon as an answer involves

probabilities which are solely for the jury. Of the comparative weight of the evidence, this court is without jurisdiction.

*Exception overruled.*

All concurred.