# CHARLESTON.

## M. B. GOLDMAN v. DANIEL FEDER & COMPANY

Submitted September 23, 1919. Decided September 30, 1919.

1. LANDLORD AND TENANT—*Covenant Not to Sublet Not Broken by Assignment of Lease.*

   A covenant is a lease not to sub-let the premises, the terms of which are not enlarged by anything in the context, nor otherwise, accompanied by a forfeiture and re-entry clause, is not broken by an assignment of the lease. (p. 601).

2. SAME—*Short Covenant Against Assignment Does Not Enlarge Covenant Against Subletting.*

   The statute, sec. 21, ch. 72, Code, providing a short and simple form of covenant against assignment, does not enlarge a covenant against sub-letting. (p. 603).

Error to Circuit Court, Kanawha County.

Action of unlawful detainer by M. B. Goldman against Daniel Feder & Co. Judgment for defendant in justice's court, judgment for plaintiff on appeal to the intermediate court, writ of error to such judgment refused by the circuit court and plaintiff brings error.

*Reversed, verdict set aside, case remanded.*

*Morton & Mohler,* for plaintiff in error.
*Morgan Owen* and *E. B. Dyer,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment now under review is one for the plaintiff in an action of unlawful detainer, commenced in a justice's

court, in which the defendant prevailed.   On an appeal in
the Intermediate Court of Kanawha County, the plaintiff
prevailed, and the Circuit Court of said County refused a
writ of error to the judgment.

The plaintiff having acquired the title to the premises in
question, within the term prescribed by a lease thereof execut-
ed by his grantor, two years, commencing March 1, 1917,
and while the lessee was in possession, on or about May 1,
1917, proceeds upon the theory of a forfeiture of the lease,
occasioned by an assignment thereof by the lessee, executed,
April 3, 1918.   It contains a covenant not to sub-let the
premises, without the written consent of the lessor, but no
covenant not to assign.   The claim is that the assignment
constitutes a breach of the covenant against sub-letting.

The lessor was U. G. Young; the lessee Adleberg & Ber-
man, Inc.; the purchaser of the property, M. B. Goldman;
and the assignees of the lease, Daniel Feder and Company.
The premises are described as the store at 25 Capitol Street,
in the City of Charleston.

Failure of the plaintiff to disprove consent to the assign-
ment, by his grantor, is relied upon by the defendant, as a
defect in the case made by the evidence.   Such consent
given long after the grantor had parted with his title would
have been unavailing.   Such a covenant is for the benefit of
the lessor and his assigns.   The former no longer has any
interest in it, wherefore he clearly has no right to give assent
to an assignment of the lease or a sub-letting of the premises.

. The vital question in the case is whether the assignment
constituted a breach of the covenant not to sub-let, and, as
to it, there is some conflict in the authorities.   That it does
has been distinctly held in at least two cases.   *Greenaway*
v. *Adams,* 12 Ves. 395; *Den* v. *Post,* 25 N. J. L. 285.   But
the latter was overruled in *Field* v. *Mills,* 35 N. J. L. 254.
It is claimed that *Upton* v. *Hosmer,* 70 N. H. 493, asserts this
doctrine, and there are some expressions in the opinion that
seem to countenance it, but the covenant not to sub-let was
read in connection with other provisions of the lease,
which, in the opinion of the court broadened its scope.   In
conclusion, the court said:   ''The purpose of the restrictive

clause appears to have been not so much to control the sale of the cottage, as to prohibit the lessee, his heirs and assigns, from making an assignment of the lease without first obtaining the consent of the lessor, his heirs and assigns.'' Hence, the covenant was construed to be one not to assign as well as one against sub-letting. In *Railroad Co.* v. *Railroad Co.,* 65 N. H. 393, the covenant was not to assign, and the court held it had been broken by an assignment, not an underletting. In *Berry* v. *Taunton,* Cro. Eliz. 331, the tenant devised the term, and the question was whether his act violated a covenant not to demise for more than from year to year. The court merely held that a devise was within the meaning of the word demise. In *Gregson* v. *Harrison,* 2 T. R. 425, the covenant was against both sub-letting and assignment, wherefore either constituted a breach. In *Holland* v. *Worsley,* 1 Camp. 20, the covenant was not to assign or otherwise part with the premises. It obviously included both, as the court held. In *Shattuck* v. *Lovejoy,* 74 Mass. 204, the covenant by its terms went beyond a mere sub-letting. The tenant bound himself not to permit any other person or persons to occupy or improve the premises, without written consent of the lessor. Such also was the character of the covenant in *Austin* v. *Harris,* 76 Mass. 296. Under a statute providing that ''If lands or tenements are rented by the landlord to any person or persons, such person or persons renting such lands or tenements, shall not rent or lease said lands or tenements during the term of said lease to any other person, without first obtaining the consent of the landlord, his agent or attorney'', both assignment and under-letting, without consent, are forbidden. *Gulf C. & S. F. R. Co.* v. *Settegast,* 79 Tex. 256. This conclusion was arrived at by application of the liberal rule of construction, which is generally held to be inapplicable to statutes imposing forfeitures.

Against this meagerness of authority for the proposition that an assignment is within the meaning of a covenant not to sub-let, there stands a very considerable array of authority holding the contrary. *Field* v. *Mills,* 33 N. J. L. 254; *Lynde* v. *Hough,* 27 Barb. (N. Y.) 415; Tiffany, Land. & Ten. sec. 48; Taylor, Land. & Ten. sec. 403. Covenants against assign-

ments and against under-letting are both strictly construed, because they are penal in character, working forfeitures, and because they are restraints upon alienation. 16 R. C. L. p. 832; Tiffany, Real Prop. sec. 46; Minor, Real Prop. sec. 417. To be within the operation of such a covenant, the thing done must fall within its terms, its letter, as well as within its spirit or purpose. This is the rule of strict construction. Besides, there is a vast difference in principle between an assignment and a sub-lease, as well as between their legal results. These differences render it impossible to say an assignment is within the terms of a covenant against sub-letting.

In the argument submitted for the defendant in error, sec. 21 of ch. 72 of the Code, defining the scope and effect of a covenant not to assign without leave, is invoked, but it clearly has no application. It does not define a covenant not to sub-let. It merely provides a short and convenient form of the common law covenant against assignments, or a substitute therefor; and all of its terms fall within the meaning of "assignment," not "demise" or "sub-let." Though *Kanawha-Gauley C. & C. Co.* v. *Sharp.* 73 W. Va. 427, involved a lease containing a covenant not to sub-let, and an assignment seems to have been treated by the parties as a possible breach, a decision as to its effect can hardly be said to have been rendered, since the case turned upon an issue as to waiver, and the court did not enter upon any inquiry as to the interpretation and effect of the covenant.

Under the principles and conclusion stated, there was no breach of the covenant and the plaintiff was not entitled to recover. Hence, the judgment must be reversed, the verdict set aside and the case remanded.

*Reversed, verdict set aside, case remanded.*