# CHARLESTON.

JOSEPH BUTLER v. J. C. CARLYLE et als.

Submitted October 14, 1919.   Decided October 21, 1919.

1. CONTRACTS—*Deeds*—*Where Words in Deeds are Indefinite, Construction by Parties Will be Considered.*

Where in a deed or contract the parties use words of general and indefinite signification, their meaning will be determined by a consideration, not only of the language used, but of the conditions surrounding them at the time, the circumstances under which the contract or deed was made, and the purpose sought to be accomplished thereby; and if the parties have acted under the provisions of the contract or deed, their acts, amounting to a practical construction of it, will be given peculiar weight in coming to a conclusion as to the meaning of the language used. (p. 756).

2. DEEDS—*Reservation by Grantor of Right to Occupy House Without Obligation to Support.*

Where the owner of a tract of real estate, which is divided into two parcels by a county road, upon the whole of which there is a lien, conveys to his daughter and her husband one of such parcels upon which the dwelling house then being occupied by the owner and the son-in-law's family is situate, for the consideration that the grantees discharge the lien upon the entire tract, with a provision in said deed that such owner shall have the right to make his home with the grantees therein, and all of the parties continue to live upon said land for a considerable length of time as one family, each contributing to the common support, such provision will be held as reserving to the grantor in the deed the right to occupy such dwelling house as his home in common with the grantees, but will not include an obligation upon the part of such grantees to maintain and support him.   (p. 757).

Appeal from Circuit Court, Mason County.

Action by Joseph Butler against J. C. Carlyle and others. Decree for plaintiff, and defendants appeal.

*Modified and affirmed.*

*J. E. Beller*, for appellee.

*Somerville & Somerville*, for appellants.

RITZ, JUDGE:

Prior to the execution of the deed hereinafter referred to plaintiff was the owner of a tract of land situated in Mason county, consisting of about thirty-eight acres, which was divided into two parts by a county road, 14½ acres, upon which was located the dwelling house, being on one side of the road, and the remainder, upon which was located the stable and other farm buildings, on the opposite side of the highway. There was a lien upon this land by deed of trust for the sum of $250.00 principal, which with interest at the time of the conveyance here involved amounted to a little more than $350.00. In the year 1895 the defendant J. C. Carlyle married the only child of the plaintiff. At that time plaintiff was living upon this tract of land, his family consisting of himself, his wife, and his daughter, who intermarried with the defendant. In the year 1897 the plaintiff''s wife died, and shortly thereafter the defendant J. C. Carlyle and his wife, at the solicitation of the plaintiff, moved into the house occupied by the plaintiff upon the tract of land above referred to, and they continued to reside there until the death of Mrs. Carlyle in the year 1907. Carlyle's four children were born in this house. After the death of his wife, Carlyle procured a housekeeper, and his family continued to reside upon the tract of land with the plaintiff until the fall of the year 1912, or the spring of 1913, at which time the plain-tiff left the house, and shortly after his leaving Carlyle took his four children and placed them in school in the city of Wheeling, where they have since remained, with the exception of the eldest who is now receiving technical training as a nurse. Carlyle, at the time of his marriage, was and ever since has been engaged as a foreman upon construction work, his duties calling him away from home practically all of the time. Frequently he was away during all the summer and fall months, and only returned in the winter, to be gone again early in the spring for the balance of the year. During the time that his family lived upon the land he contributed the things necessary for their support. In the year 1905 the party who held the lien against the plaintiff's tract of land insisted upon the payment thereof. Plaintiff was unable to

meet these demands, and proposed to the defendant Carlyle that if he would pay off this lien, which was on the whole tract of land, he would convey to him the 14½ acre tract upon which the house stood. Carlyle did this, and a deed was made conveying to him and his wife this 14½ acre tract. In this deed there is a clause providing: "It is understood and agreed by and between the parties hereto that the said Joseph Butler is to make his home with J. C. Carlyle and wife if he so desires." It is this provision in the deed which is the basis of this litigation. After the plaintiff left the house in the fall of 1912 he did not return, except occasionally, until in the year 1917, shortly before the bringing of this suit, when he desired to move into the house and occupy the same. Carlyle denied his right to do this, but offered to permit him to occupy one room therein. Plaintiff contended that he was entitled to more than this, that he was entitled to have his support and maintenance out of the property under the provision above referred to, and with a view of having his rights in the property fixed and determined brought this suit. It is shown that during the time the parties lived together as above indicated, the tract of land owned by the plaintiff and that owned by the defendant was cultivated to some extent, and the proceeds of the whole contributed to the support of the family. The plaintiff raised some agricultural products on his tract of land, some of which were used by the family, and some of which were fed to stock used by the family generally; and the agricultural products raised upon the defendants' part of the land was likewise used. Aside from this the defendant Carlyle contributed all of the money which was necessary to the support of his wife and children, as well as the plaintiff. In 1913, after the plaintiff left the house, he sold the tract of land owned by him lying across the road from the tract here involved, and received the money therefor, so that he has not now any real estate, and only a small amount of personal property. Upon a hearing of the cause the court below decreed that the plaintiff was entitled to hold the tract of land for his sole use and benefit for his life, and that the defendants would come into possession of

their estate therein only upon the death of the plaintiff. It is from this decree that the defendants prosecute this appeal.

The sole question to be determined is, what interest, if any, did the plaintiff retain in the tract of land by reason of the provision in the deed above referred to? He contends that this provision that he was to have a home with the grantees in the deed was one for support and maintenance, while the defendants contend, if it has any effect at all, that it vested in him no other interest than a right to occupy one room in the house, without any obligation upon their part to maintain him. It will be observed that the language used by the parties in defining the interest of the 'plaintiff is very general, and where this is the case it is the end of all construction to arrive at the intention of the parties at the time the contract was entered into, and to this end consideraion will be given to the subject-matter of the contract, the situation of the parties at the time it was entered into, the purpose sought to be accomplished, and the acts of the parties under the contract, which amount frequently to a practical construction of its terms and a declaration of their intentions. *Snyder* v. *Robinett,* 78 W. Va. 88; *Clark* v. *Sayers & Lambert,* 55 W. Va. 512; *Vintroux* v. *Chilton,* 84 W. Va. 603. Where the conduct of the parties affords no assistance in construing a paper of such general import as this, such a provision has been held not to include support and maintenance, but only a right to live in the house upon the land. *Shuttlesworth* v. *Shuttlesworth,* 34 W. Va. 17. The plaintiff contends, however, that that case does not control here, for the reason that a practical construction has been placed upon this contract by the acts of the parties, and that considering their situation at the time, the consideration paid for the land, the purpose sought to be accomplished, and their subsequent acts in performance of the contract, it must be held that the plaintiff reserved by this provision such interest in the land as would be sufficient for his support and maintenance, and the decree of the court below giving him a full life estate therein is no more than sufficient for that purpose. We are unable to agree with the plaintiff in this conclusion. The situation of the parties at the time of the deed was that

they were all living together in the dwelling on this tract of land, the plaintiff contributing to the support of the family such argicultural products as were produced from this land, as well as the other tract of land owned by him, and the defendant Carlyle making a much larger contribution from his earnings. The plaintiff's debt was pressing him, and in order to prevent a sale of all of his land under the deed of trust he agreed to sell this 14½ acre tract to the defendant Carlyle, in consideration that he pay off the lien upon the whole tract. It is alleged in the bill that this consideration of $350.00 was grossly inadequate. This allegation is denied, and there is not a syllable of evidence to sustain it. The purpose intended to be accomplished by the parties, no doubtb, was to remove the lien from the plaintiff's land so that all of them might continue to occupy it as they had theretofore. However, the house was upon the tract conveyed to the defendant Carlyle and his wife, and without some reservation in the deed it is patent that the plaintiff would have no right to live therein. After the conveyance the relations of the parties continued the same as they had theretofore. All of them continued to reside in the dwelling upon the tract of land conveyed to the defendant Carlyle and his wife, each party contributing of his substance to the support of the family. This condition continued until the fall of 1912, when the plaintiff voluntarily left the dwelling and remained away for four or five years, living with other relatives. His reason for leaving, it appears, was his inability to get along with one of the housekeepers employed by Carlyle, and from his testimony it appears that he had very good cause for his grievances in this regard. After leaving the plaintiff sold his part of the land and received the consideration therefor, and he now returns and insists upon having appropriated to his use, so long as he lives, the whole of the tract which he conveyed to the defendant and his wife. Looking to the conditions which existed at the time of this conveyance, and the purpose sought to be accomplished by the parties, it is quite clear that this provision in the deed meant that the plaintiff should have the right to live in the dwelling upon this land. There was no dwelling house upon that part of it retained by him. The

parties had been living in these intimate relations for about ten years. They were close relatives, and when we come to consider the acts done by the parties under the contract this conclusion is rendered absolutely certain. Each party, during the time they all lived in this dwelling, contributed to the common support, and it cannot be doubted from the plaintiff's evidence that the contributions made by him were quite sufficient for his own support and maintenance, and never did he contend during that time that there was any obligation upon Carlyle to support and maintain him.

We are of opinion that this provision in the deed constitutes a reservation in favor of the plaintiff of a right to live in the dwelling house, without any obligation upon the part of Carlyle to support or maintain him. This right is not fully enjoyed by the occupancy of a single sleeping room in the dwelling. It goes further than that, and includes the right to use the dwelling in the way in which dwelling houses are ordinarily used by their occupants. He is not entitled to the exclusive use of it, but he is entitled to the use of it in common with the defendant, and he is entitled to such use free from any abuse or ill treatment upon the part of the defendant, or any of his employes, servants or agents.

The decree of the circuit court grants to him more than he is entitled to. It will be modified as above indicated and as modified will be affirmed, with costs to the appellant.

*Modified and affirmed.*