JUDGE ELLIOTT
delivered the opinion of the court.
James Read, on the 18th of December, 1875, leased from the female appellees a tract of land in Elliott County for the term of two years, and in the fall of 1876 sublet the balance of his term to appellant, and put him in possession of the premises.
Appellees claimed that by section 2 of article 1 of chapter 66 of the General Statutes, Read had forfeited his lease by his sale of the balance of the term to appellant, and having given him notice to quit, this suit by warrant of forcible entry and detainer was brought, and on the trial of the traverse taken to the circuit court, judgment was rendered in favor of appellees for the possession of the land, which judgment appellant by this appeal seeks to reverse.
Whether there was a forfeiture of the lease by Read by *116 reason of his sale of the balance of his term to appellant, depends upon the' proper construction of the statute referred to, which is as follows:
“Unless the landlord consents thereto in writing, every assignment or transfer of his term or interest in the premises, or any portion thereof, by one who is a tenant-at-will or by sufferance, or who has a term less than two years, shall operate a forfeiture to the landlord, who, after having given the occupant ten days’ written notice to quit, may re-enter and take possession, or may, by writ of forcible entry or detainer, or other proper procedure, recover possession of the premises from any occupant thereof whoever he or she may be.”
The word term means the duration or extent of the interest in the premises acquired by the tenant from his landlord by the terms of his lease; and if this term is not of less duration than two years, the sale by the tenant of all or a part of the term does not work a forfeiture of the lease and entitle the landlord to possession of the premises.
The right of the landlord to declare the lease forfeited and to re-enter on the leased premises, depends not upon how much of the term has still to run, when the lessee sublets them, but depends upon the duration of the term of the lessee, as indicated by the contract of lease made between him and the landlord.
If the duration of the tenant’s term by the contract between him and his landlord was for less than two years, an assignment or transfer of it, without the written consent of his landlord, would work a forfeiture and authorize a re-entry by the landlord; but, on the other hand, if the original contract of lease between the landlord and tenant vested in the tenant a term of two years or more, then the tenant could transfer his term, or any part of it, without working a forfeiture, although less than two years of his lease had to run at the time of the transfer.
*117 As therefore Read’s term did not expire for two years from the time he acquired it, he had the legal right to assign or transfer the balance of his term without consulting his landlord, although his lease would expire in less than two years from the time of his transfer to the subtenant.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.