CASE 31—PETITION EQUITY AND PETITION ORDINARY—ARIL 21.

# Hill v. Rudd.
## Shircliff v. Same.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. CONTRACT—CANCELLATION OF LEASE.—Where one of several
lessors who had agreed to buy groceries to a certain amount from
the lessee as an inducement to his leasing the property, failed to
comply with agreement, it is not a good ground for the cancella-
tion of the lease.
2. SAME.—Where it is provided in a lease that the premises are not
to be sublet without the written consent of the lessors, the fact
that they will not give such consent is not ground for the can-
cellation of the lease.
3. ACTION FOR RENT—SUBLETTING.—Where a lease provides that the
premises are not to be sublet without the written consent of the
lessors, it is no defense to an action on the lease for rent, that
they refused to agree in writing that the premises might be sub-
let.
4. PRACTICE—OBJECTIONS WAIVED.—Where one brings a suit "as
agent" without disclosing the nature of his agency and for whom
he is acting, and the defendant neither files special demurrer nor
objects to the same in his answer, all objections thereto are
waived.

HILL & HILL FOR APPELLANTS.

1. A receiver, trustee or other like fiduciary, should allege both in
the caption and in the body of the petition the character in which
he sues. (Newman on Pleadings, p. 291.)
2. A covenant in a lease not to assign the lease will not preclude the
right of subletting or under-leasing; nor will a covenant in a
lease not to underlease or sublet, preclude the right to assign
lease. (Lynde v. Hough, 27 Barb., 415; Taylor on Landlord and
Tenant, vol. 1, p. 480.)
3. When the implied covenant in the lease of quiet enjoyment is
broken, the obligation to pay rent is without consideration, and
the lessor can not recover. (Byard v. Garner, 68 Am. Dec., 105.)

Hill v. Rudd.

WILFRED CARICO for appellee.

1. Appellee had a might to contract as to the nature of the business that should be carried on in his house, and that the house should not be sublet without his consent in writing.
2. Admitting the distinction between subletting the premises and assigning the lease, if appellant had the right to assign the lease then appellee's threat of litigation would have been fruitless, and, consequently, could have furnished no grounds for the cancellation of the lease.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

These cases are heard together, but they are not consolidated, and were heard in the court below.

Wm. Rudd, agent, leased to Shircliff a business house in Owensboro, Ky., for a period of three years, for the sum of $500 per annum, payable in monthly installments.   The appellant, R. G. Hill, signed the contract of lease as Shircliff's surety.   After occupying the house for a few months as a grocery store Shircliff was unable to carry on the business, and made a contract with others by which he sublet the house for a grocery store.   By the terms of the lease he was not authorized to "under-lease the property without the written consent of the said Rudd."

Shircliff brought the action against Wm. Rudd and others to cancel the lease because, as he alleges, Wm. Rudd in leasing the property was acting for "J. C. Rudd, his wife and children, who are the owners of the storehouse rented to the plaintiff," and that in order to "induce the plaintiff to rent said house the defendant, *J. C. Rudd, promised and agreed* to purchase groceries, etc., from the store of this plaintiff" which would amount to $100 per month; that the purchase of groceries from the store amounted to about $8 during a period of five months.

It is further alleged that Wm. Rudd's refusal to give his

written consent to the subletting of the property was "an unlawful abuse of the provisions of said contract requiring said defendant (Wm. Rudd's), written consent to a subletting" of the property; that by reason of the facts alleged he had been damaged $300 and released from the obligations of the lease.

The allegations of the petition are taken as true on demurrer. Wm. Rudd was acting as agent for J. C. Rudd, his wife and children. If, as such agent, he had agreed to buy certain groceries from the plaintiff, his failure to do so would not have been ground for cancelling the lease. That, however, is not the state of case presented by the petition. It is alleged that J. C. Rudd, in order to induce plaintiff to rent the storehouse, agreed to purchase the groceries. J. C. Rudd's contract to purchase groceries could not affect the rights of J. C. Rudd's wife and children, for whose benefit in part the contract of lease was made, as they were part owners of the property.

Plaintiff can not in law complain that Wm. Rudd did not give written consent to the subletting of the premises, because by the contract he retained control of the matter of subletting by providing it could only be done by his written consent.

The court did not err in sustaining the demurrer to the petition of Shircliff.

Wm. Rudd, agent, brought suit against Hill as Shircliff's surety for certain months' rent of the storehouse. The lease says have rented of "Wm. M. Rudd, agent, store, building," etc. It does not state for whom he is acting as agent. In the caption of the petition the plaintiff is "Wm. M. Rudd, agent," but the petition does not disclose the names of the parties for whom he is acting as agent.

A general demurrer was filed to the petition but was never acted upon. An answer was filed. No special demurrer was filed to the petition, neither did the answer make any objection to it. If any objections could have been made by a special demurrer or by the answer they were waived. A general demurrer was sustained to the answer. The answer simply seeks to avoid a recovery by alleging that the parties to whom Shircliff sublet the premises would not take it, because Rudd would not give his consent thereto in writing, and the threat of litigation in the event it was sublet without such consent. The lease, as heretofore stated, provided the property could only be sublet by the written consent of Rudd. The answer presented no defense to the action.

It is not necessary to discuss the question as to the right of Shircliff to have assigned the lease without the written consent of Rudd, or the rights generally of tenants to sublet the leased premises or to assign the lease, or to state the distinction between assigning a lease and subletting the premises. Although Rudd asserted that Shircliff, under the contract, had no right to assign the lease or sublet the premises without his written consent, although his opinion was erroneous as to his right to prevent an assignment of the lease or the subletting of the premises, this would not release Hill from his liability on the contract.

The judgments are affirmed.