## Biehl v. Wiedemann.

(Decided October 22, 1920.)

### Appeal from Campbell Circuit Court.

1. Forcible Entry and Detainer—Acceptance of Rent—Waiver of Forfeiture.—The acceptance of rent in arrears at the time notice to vacate the premises is given or of rent accruing after the giving of notice and between the date thereof and the issual of the writ will not waive a forfeiture of the lease nor constitute an abandonment of the forcible detainer proceedings, but the acceptance of rent by the landlord with knowledge of the facts, accruing after the issual of the writ and before the trial thereof, will operate as a waiver of the forfeiture and constitutes a defense in favor of the lessee.

2. Forcible Entry and Detainer—Acceptance of Rent.—But an acceptance of the rent accruing after the forfeiture by an agent of the landlord without a knowledge of the facts with reference to the forfeiture and which is done without the knowledge or direct authority of the landlord will not waive the forfeiture.

3. Forcible Entry and Detainer—Waiver of Forfeiture of Lease.—Whether a bookkeeper of a corporation, which is agent of the

landlord, whose only duties are to make entries upon the corporation books, has the implied authority to accept rent in behalf of the corporation as such agent and to thereby bind the landlord so as to waive a forfeiture of a lease of his premises, is not determined; but it is held that the payment of the rent to such bookkeeper secretly and without the knowledge of the landlord on the day before ouster proceedings are set for trial under such circumstances as to indicate trickery and fraud will not constitute a waiver of the forfeiture and is not an available defense.

FRANK V. BENTON for appellant.

HOWARD M. BENTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Louis M. Biehl, occupied premises in Campbell county owned by appellee, Charles Wiedemann. The occupancy was from month to month at a rental of $40.00 per month due and payable on the 3rd day of each month. On April 26, 1919, Wiedemann gave written notice to his tenant to vacate the premises on or before June 3, 1919. Failing to comply therewith Wiedemann instituted this forcible detainer proceeding against his tenant before a justice of the peace for Campbell county, in the trial of which the tenant was found guilty and a judgment of restitution of the premises was rendered. A traverse was duly prosecuted to the Campbell circuit court and its trial was set for June 18, 1919, in which there was another verdict of guilty followed by another judgment restoring the possession of the premises to the landlord, and complaining of it the appellant prosecutes this appeal. After the institution of the proceedings before the justice of the peace appellant paid to appellee's attorney $80.00, which was the rent due from April 3 to June 3, 1919. Late in the afternoon of June 17, the day before the trial of the traverse was set, Biehl, who was a saloon keeper, gave his bartender $40.00 with instructions for the latter to pay it to the Security Realty Investment Company of Cincinnati, Ohio, who was Wiedemann's agent, in settlement of the rent from June 3 to July 3, 1919. Accordingly the bartender presented himself in the office of that company between five and six o'clock on the afternoon and found no one present except M. P. Williams, a young lady bookkeeper who had been employed by the company for only two weeks and who had never collected any rent for Wiedemann or any other of

the patrons of the company. Having no knowledge of the facts she accepted the $40.00 from the bartender and issued to him this receipt:

"Cincinnati, Ohio, June 17, 1919.

."Received of Louis Biehl, forty no/100 dollars, for rent of one month, No. 1124 Monmouth St., from June 3rd to July 3rd, 1919.

"The Security Realty Investment Co.,
Per M. P. WILLIAMS."

On the trial of the traverse in the circuit court appellant for defense relied *exclusively* upon that receipt and his counsel on this appeal earnestly insists that the acceptance of rent accruing after the forfeiture on June 3, 1919, as evidenced by the receipt, constituted a waiver of such forfeiture and an abandonment of the forcible detainer proceeding which entitled his client to a directed verdict as asked for on the trial in the circuit court. In support of this contention we are referred to the case of Rich v. Rose, 124 Ky. 669. We have closely read and studied that case and find no principle announced therein applicable to the facts and circumstances, in this case. The only principles therein determined are that a landlord in a proceeding of this kind may accept rent from his tenant after notice to vacate is given and even after the institution of the proceedings to recover possession, provided the rent so accepted accrued before giving of the notice, or accrued after that time but before the institution of the proceedings, and such acceptance will not constitute a waiver of the forfeiture; but, if rent accruing after the forfeiture is knowingly accepted by the landlord it will constitute an abandonment as well as a waiver. In that case the acceptance of rent accruing subsequent to the forfeiture was the personal act of the landlord and with full knowledge of all the facts affecting the situation of the parties. It is true that the court held in that opinion that the intention of the landlord to waive the forfetiure by the acceptance of future rent was not material, but it was also expressly held that there would be no waiver unless the acceptance was with knowledge of the facts. This latter principle is also found in the text in 16 R. C. L. 1132-1133. See also Kenny v. Sen Si Lun, 101 Minn. 253, 112 N. W. R. 220, 11 L. R. A. (N. S.) 831, and annotations.

In this case Wiedemann, the landlord, knew nothing personally of the payment of the month's future rent to

the bookkeeper of the realty company until the receipt was introduced upon the trial in the circuit court, when he immediately repudiated the payment and tendered to appellant the sum of $40.00, but which the latter declined to accept. If, however, it should be insisted, in accordance with the general rule that knowledge of the agent is knowledge of the principal, it conclusively appears (and indeed without contradiction) that the bookkeeper, who issued the receipt in this case, was not only ignorant of the forfeiture and of the pending forcible detainer proceedings, but also that it was no part of her duties as bookkeeper to accept rent and issue receipts therefor, nor had she ever done so on any former occasion. Under such circumstances it might be doubted whether a payment to her and *with* knowledge on her part of the forfeiture and of the pendency of the forcible detainer proceedings, would be sufficient to bind the principal, since such an act would be beyond the apparent scope of her authority as mere bookkeeper for the corporation employing her. But, we deem it unnecessary and, therefore, refrain from determining that question, for we are not without eminent authority that an agent may not waive a forfeiture under circumstances analogous to those in this case. The Supreme Court of the United States in the case of Lucas v. Brooks, 18 Wall. 436, 21 Law Ed. 779, had before it for determination this question but which arose under slightly different facts. In that case the agent of the landlord, instead of accepting rent, sued out a distress warrant in the name of the landlord to collect it, and the court in declining to give to the act of the agent the effect of waiving the forfeiture said: "That the distress warrant was unauthorized, and indeed, disavowed, is a fact of which there was evidence, and no attempt was made to show that it had ever been ratified."

Independent however of what has been said, the conduct of the appellant in secretly and covertly obtaining the receipt relied on by him does not commend itself to our minds. The law is an advocate of fairness and delights in administering justice. It frowns upon fraud and discards and refuses to recognize trickery and sharp practice. The traverse in the circuit court was set for trial, and at an hour on the day before, when all of the managing officers and agents of the realty company, who transacted its business, had vacated the office for the day, the agent of appellant (who had not theretofore paid any

of the rent) appeared, and contrary to the customary method of payment, procured the receipt from one wholly ignorant of the facts and who no doubt issued it and accepted the money upon the representations of that agent. The whole transaction possesses every element of fraud and trickery which to our minds stamps it as counterfeit in the eyes of the law, and we would be disposed to deny it any efficacy were there no other legal objections thereto.

Wherefore the judgment is affirmed.