MILLER *v.* POND.

1. FORFEITURES—NOT FAVORED IN LAW.
   Forfeitures are not favored in law, especially when they divest estates.

2. LANDLORD AND TENANT—LEASES—COVENANT AGAINST ASSIGNMENT STRICTLY CONSTRUED.
   Restrictions in leases against assignments or subleases, as

also other conditions in contracts providing for disabilities
and forfeitures, are to be given a strict construction
against those for whose benefit they are introduced when
of questionable import or in any wise open to construction.

3. SAME—LEASES—COVENANTS AGAINST ASSIGNMENTS—CONSTRUC-
TION.
    By the strict construction applied in cases of restrictions
    against demise, a prohibition against assigning a lease does
    not prohibit assigning any interest therein, but does pro-
    hibit the tenant from parting with his entire interest in
    the leasehold estate.

4. SAME—TAKING IN NEW PARTNER NOT VIOLATION OF COVENANT
AGAINST ASSIGNMENT.
    The covenant of a lease forbidding its assignment was not
    violated by the action of the lessees as copartners in tak-
    ing in another partner who was to have active charge of
    the business in the leased premises, they to act in an ad-
    visory capacity only, where no mention of the lease was
    made in the papers executed between them, since, if the
    lessees parted with any interest in the lease, they did
    not part with their entire interest, and they were yet
    entitled to possession as tenants and bound to attorn to
    the landlord as before.                                    /

Error to Genesee; Brennan (Fred W.), J., Sub-
mitted April 13, 1921. (Docket No. 85.) Decided
June 6, 1921.

Summary proceedings by Ira L. Miller against
Elwyn Pond for the possession of leased premises.
There was judgment for defendant before the com-
missioner, and plaintiff appealed to the circuit
court. Judgment for defendant. Plaintiff brings
error. Affirmed.

Harold Goodman, for appellant.

George W. Cook, for appellee.

STEERE, C. J.   Plaintiff instituted summary pro-

ceedings before a circuit court commissioner of Genesee county to recover possession of certain leasehold premises known as No. 527 South Saginaw street in the city of Flint. The case was re-tried on appeal to the circuit court of Genesee county before the court without a jury on stipulated facts, and judgment rendered for defendant. So far as material to the question raised, it was shown that prior to January 6, 1920, plaintiff was owner by assignment from the lessor of a written lease given by Sarah E. Burr of Flint to Charles E. Ische and Will Ische dated January 10, 1911, running for five years with the privilege of renewal for an additional five years from January 10, 1916. They were partners when the lease was made and thereafter in possession of the leased premises operating a shoe store under the firm name of Ische Brothers. The lease runs to "Ische Brothers, Will C; Ische and Charles E. Ische, copartners." The property leased is described as "The first floor and north half of the basement of store building at number 527 S. Saginaw street, second ward of Flint," the same "to be occupied for a general shoe store" at a rental of "one thousand dollars each year, payable monthly in advance," and in case the provided privilege of re-lease for five years more is exercised the rental is specified as "the sum of six thousand dollars, payable twelve hundred dollars each year, payable monthly in advance." The lessees are required to keep the premises in repair, etc. The instrument also provides:

"Said parties of the second part further covenant that they will not assign nor transfer this lease or sublet said premises, or any part thereof, without the written assent of said party of the first part." * * *

It further contains the customary provision that in case rent is not paid when due—

"Or if default shall be made in any of the covenants herein contained, then it shall be lawful for said party of the first part, her certain attorney, heirs, representatives and assigns to re-enter into, re-possess the said premises, and the said parties of the second part, and each and every other occupant to remove and put out."

On January 6, 1920, the Ische Brothers sold to defendant Elwyn Pond a two-thirds interest in their stock of goods, for which bill of sale was given, and took him into partnership with them. By the papers which they executed the shoe business was to be continued under the firm name of Ische Brothers at 527 South Saginaw street for the term of one year and four days, Pond to act as manager, for which he was to draw $25 per week, and the Ische Brothers were to "act only in an advisory capacity" in the management of the business. No mention was made of the lease in the papers which they executed between them. On learning of the agreement between Ische Brothers and defendant Pond plaintiff gave notice of forfeiture of the lease "for breach of the covenant against subletting and assigning," and demanded possession of the premises from the three partners. On their failing to surrender possession the summary proceedings involved here were instituted.

The trial court filed an opinion holding that while inferable Pond "was given an interest in the lease," he was not shown to be an assignee of the lease, and under the facts stipulated his joint occupation of the premises with the Ische Brothers as a partner for conduct of the business carried on there did not render him guilty of unlawful possession of the premises. Plaintiff's right to review was preserved by requests, objections and exceptions timely made.

The question involved and argued by counsel is whether taking Pond into partnership, selling him an interest in the stock with a proportionate share in the profits and committing to him management of the

business then being conducted on the leased premises with the other members of the firm yet acting in an advisory capacity, violated the covenant in the lease against assigning or transferring the same or subletting the premises, or any part thereof, without written consent of the lessor.

, Appellant's contention is squarely planted in the brief of his counsel upon the proposition that "taking in a partner to a lease violates the covenant against assignment," which it is asserted all authority holds, that whether it violates a covenant against subletting is not involved and cases cited to that point do not apply.    While counsel for defendant insists the adjudicated cases hold that under a similar covenant to that found in the lease under consideration taking a partner into a business, or trading firm, as done here, does not violate a covenant against either assigning or subletting.

In approaching the subject we are confronted with the general rule that forfeitures are not favored in law, especially when they divest estates, and restrictions in leases against assignments or subleases, as also other conditions in contracts providing for disabilities and forfeitures, are to be given a strict construction against those for whose benefit they are introduced when of questionable import or in any wise open to construction.    Upon that point, and for illustration covering the question before us, it is said in *White* v. *Huber Drug Co.,* 190 Mich. 212:

"It has been said, however, that covenants against assignment or underletting are not favorably regarded by the courts and are liberally construed in favor of the lessees.    But this means only that the scope of the term 'assignment' will not be enlarged by the courts, and that the covenant will not be considered as violated by any technical transfer that is not fairly and substantially an assignment; as where a tenant without license from his landlord takes a third party into

partnership and lets such party into joint possession with him."

Counsel for plaintiff urges that this recognition of the rule defendant contends for was irrelevant to the issue in that case and mere *dictum*, necessarily no stronger than *Roosevelt* v. *Hopkins*, 33 N. Y. 81, cited as authority for the doctrine, which it is argued does not go that far but was decided on the ground that the prohibition against assignment was not intended to interdict transactions between partners.

In the *White Case* the charged violation of a restriction in the lease under consideration was an assignment by one corporation to another, and it may be conceded what was said as to partners was only illustrative. It is, however, the interpretation of the *Roosevelt Case* sustained by recognized authority as follows:

"Where the lessee is a firm a mere change in partners which compose it, or the taking in of a new partner is not a breach of a condition against an assignment. Nor is such conduct on the part of the lessee a subletting." 2 Underhill on Landlord and Tenant, p. 1050.

"The covenant (not to assign) is not broken by associating others with the lessee in the enjoyment of the term; as by changing the membership of a firm." 1 McAdam on Landlord and Tenant (3d. Ed.), § 141.

"A condition against subletting or assignment is not broken where the tenant takes another into partnership with him and lets such person into joint possession of the premises. Nor is such a condition in a lease to a partnership broken by a change in the firm by the admission or withdrawal of partners, or by a dissolution of the firm and a transfer of the possession to one of the partners. But the organization of a corporation by the partnership and a transfer of the lease to such corporation is a breach." 24 Cyc. p. 969.

We think it may fairly be said from an examination of the decisions touching this question in other juris-

dictions, both English and American, that the authorities are not entirely harmonious upon the subject and cases are to be found on either side of the question. Conceding what was said in the *White Case* to be *dictum*, it may be noted in passing that so far as this court has touched the question it favored the view that taking in a partner does not in itself violate a condition against assigning a lease. In 1 Tiffany on Landlord and Tenant, p. 925, the subject is discussed with citation of authorities and it is said in part:

"Upon the question whether a stipulation against an assignment or sublease of the premises precludes an assignment or sublease of part of the premises, or an assignment of an undivided interest therein, the cases, though few in number, are not in harmony."

It is unquestioned that the assigning of a lessee's entire interest in a lease to a partner or to others will work a forfeiture. In such cases the lessee is no longer interested in the premises and seeks to put in possession a new tenant to attorn to the landlord. Here the old members of the firm did not by any written instrument of demise assign the lease or withdraw but remained in the same business conducted in the same firm name as before, only with a new partner in joint occupation, for conduct of the business. No direct demise or even mention was made of the lease in that connection and only by implication from the fact that defendant had purchased an interest in the business and become a partner in the firm can an assignment of any interest in the lease be claimed. Defendant was undoubtedly interested in the lease so far as it related to being maintained for the business conducted on the premises leased, but it does not follow that he became an assignee of an interest in the lease in violation of the wording of the prohibition against assigning. The provision of the prohibiting clause claimed to have been violated is that the Ische

Brothers "will not assign nor transfer this lease." By the disjunctive "or" they are further restricted from subletting "said premises, or any part thereof," which is not claimed to have been violated and which is in its essentials a distinct independent restriction, which plaintiff admits is not involved here. By the strict construction applied in case of restrictions against demise, a prohibition against assigning a lease does not prohibit assigning any interest therein, which is all that is claimed here. In *Roosevelt* v. *Hopkins, supra,* the lessees were partners under the firm name of Hopkins & Crow. Their lease provided they should not "demise, sell, underlet or assign over said premises to any person or persons whatsoever." Crow retired from the firm and the business was afterwards conducted by a new firm styled Hopkins & Bros. which sublet a part of the premises. The court there said:

"They neither demised, sold, underlet nor assigned the *entire* property embraced in the lease. They were not prohibited from subletting *portions* of the premises; and the exercise of this right, therefore, gave no cause of action to plaintiff."

"An assignment of a lease is the transfer of a tenant's whole estate therein to some third person: * * * If the grantor conveys a shorter term or less estate than he himself had in the premises, or if a lessee for life grants a term of years, provided, the life should continue so long, this is not an assignment of the freehold, but only a grant of a term; and will, in neither case, amount to more than an under-lease." 2 Taylor on Landlord and Tenant, § 426.

"By the assignment the tenant parts with his entire interest and a new tenant takes his place with whom the landlord must deal as with his predecessor." 2 Underhill on Landlord and Tenant, p. 1052.

No such situation presented itself here. If Ische Brothers parted with title to any interest in the lease, which is but an inference, they did not part with

214—Mich.—13.

their entire interest in the leasehold estate which they held in the premises, nor in the business conducted there. They yet were entitled to possession as tenants and bound to attorn to the landlord as before. No difference in the authorized kind of business, manner of conducting it or care of the premises is shown or claimed. The stipulated facts do not sustain plaintiff's technical claim of forfeiture for violating the covenant of the lease forbidding its assignment when measured by the rule of strict construction applicable to breaches of conditions working forfeitures of leasehold estates.

The judgment is affirmed.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.