## Cities Service Oil Company v. Taylor.

(Decided January 26, 1932.)

158

GARDNER & McDONALD for appellant.

A. E. BOYD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The validity of the transfer of a ten-year lease is involved. The primary problem to be determined is whether a restrictive covenant respecting a subletting of the premises applied to an assignment of the lease. A secondary question concerns the effect upon the right of forfeiture of the acceptance of rentals from the assignee. The lessor instituted a proceeding of forcible detainer against the assignee of the lease. Upon the facts stipulated, the plaintiff prevailed in the county court and in the circuit court. The assignee has appealed from the judgment of the circuit court.

The lease was for a term of ten years beginning May 4, 1928. The property leased was a filling station, equipped and in operation. The rental was a commission of 1½ cents per gallon on all gasoline sold at the station, and a fixed sum of $25 per month on the storage plant, settlements to be made monthly. If the plant should happen to be shut down under any of the conditions speci-

fied, an average payment based upon past results was to be made. The sole limitation upon the freedom of contract of the parties was this clause: "Party of the second part (lessee) shall have the right under the contract to sub-lease the service station described in this contract at his option with the consent of the party of the first part" (lessor). The original lessee, on July 23, 1930, without the consent of the lessor, assigned the lease to the Cities Service Oil Company. The assignment was immediately recorded, and the assignee entered into the exclusive possession of the property. The assignee paid the rentals from that time according to the contract, including the rent due for the month of May, 1931, and performed all the covenants imposed by the lease. The landlord, on February 3, 1931, gave a notice to the assignee to vacate the premises on or before April 1, 1931, which, of course, it declined to do. A warrant of forcible detainer was issued on April 1, 1931, by the county judge, with the result already stated. The facts are stipulated, and in that situation all legal questions arising thereon are properly presented for decision. Formal pleadings are waived thereby by both parties, or the presence of all appropriate pleadings may be presumed for the purposes of the submission. "Where the case is submitted to the court upon a statement of facts agreed by the parties, or case stated, upon which the court is to render such judgment as the law requires, all questions of the sufficiency of the pleadings are waived, and the want of an answer is immaterial, and no finding of facts by the court is necessary." Saltonstall v. Russell, 152 U. S. 628, 14 S. Ct. 733, 38 L. Ed. 576; In re Blake (C.C. A.) 150 F. 279; Fisher v. Knight (C. C. A.) 61 F. 491; Folger v. Columbian Ins. Co., 99 Mass. 267, 96 Am. Dec. 747; Brettun v. Fox, 100 Mass. 234; Little v. Security Mutual Life Ins. Co., 150 Ky. 35, 149 S. W. 1112; Cecil v. Cecil's Ex'rs, 185 Ky. 787, 215 S. W. 794; Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011; Sachs v. Hensley, 220 Ky. 226, 294 S. W. 1073. Lincoln County Board v. Board of Trustees, 225 Ky. 21, 7 S. W. (2d) 499.

The parties are agreed that the only issues presented are the legal ones stated at the opening of this opinion.

It is provided by statute that every assignment or transfer of his term or interests in the premises, or any portion thereof, by one who is a tenant at will or by sufferance, or who has a term less than two years, shall

operate as a forfeiture to the landlord, unless the latter consents thereto in writing. Ky. Stats. sec. 2292. But a lease for a term of two years or more is assignable, unless the right to transfer is restrained by the terms of the lease. Grizzle v. Pennington, 14 Bush 115. A clear distinction between an assignment of the lease and a subletting of the premises is recognized by the authorities. 35 C. J., p. 991, sec. 83; 16 R. C. L. 832, sec. 329; Cook v. Jones, 96 Ky. 283, 28 S. W. 960, 16 Ky. Law Rep. 469; Hill v. Rudd, 99 Ky. 178, 35 S. W. 270, 18 Ky. Law Rep. 55; Holden v. Tidwell, 37 Okl. 553, 133 P. 54, 49 L. R. A. (N. S.) 369, Ann. Cas. 1915C, 394. The distinction depends upon the quantity of interest that passes by the transfer, and not upon the extent of the premises involved. An assignment transfers the entire interest in the leasehold, or, if the assignment be merely pro tanto, it passes the entire interest in such part of the demised premises.

A subletting is a grant of a portion of the term, with some reversionary interest in the sublessor.

Reasonable restrictions upon the alienation of property are enforced, but they are rigidly construed so as to confine their operation within the exact limits defined by the precise terms of the restraint. 16 R. C. L. 832, sec. 328; 35 C. J. 978, sec. 61; Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825; Raff v. Freiberg, 207 Ky. 246, 268 S. W. 1110.

It is the general rule that a restrictive covenant contained in a lease against the assignment thereof is not violated by a subletting of the premises, and a limitation upon the right to sublease is not violated by an outright assignment of the lease. 35 C. J., p. 982, sec. 68; 16 R. C. L. p. 932, sec. 329; 16 R. C. L., p. 872, sec. 375. The authorities upon the subject are not uniform, as will be seen from the annotations in 7 A. L. R. 249, which accompany the report of the case of Goldman v. Daniel Feder & Co., 84 W. Va. 600, 100 S. E. 400, 7 A. L. R. 246. See, also, Wainwright v. Bankers' L. & Inv. Co., 112 Va. 630, 72 S. E. 129, Ann. Cas. 1913B, 887. A careful examination of the cases, however, discloses that the difference is not as pronounced as a superficial reading might suggest. The differences in the terms of the covenants involved account for the conflicting conclusions announced in most of the cases.

The weight of authority, and the better reasoning, support the rule that restrictive covenants are strictly

construed, and will not be extended beyond the literal requirements of a reasonable interpretation of the terms employed. Wainwright v. Bankers' Loan & Inv. Co., 112 Va. 630, 72 S. E. 129, Ann. Cas. 1913B, 887; In re Prudential Lithograph Co. (C. C. A.), 270 F. 469; White v. Huber Drug Co., 190 Mich. 212, 157 N. W. 60; Presby v. Benjamin, 169 N. Y. 377, 62 N. E. 430, 57 L. R. A. 317; Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825; Spencer v. Commercial Co., 30 Wash. 520, 71 P. 53; Field v. Mills, 33 N. J. Law, 254; Spangler v. Spangler, 11 Cal. App. 321, 104 P. 995; Christ v. Rake, 287 Ill. 619, 122 N. E. 854; Carlin v. Harris, 100 Md. 49, 59 A. 122; Goldman v. Daniel Feder & Co., supra; Miller v. Pond, 214 Mich. 186, 183 N. W. 24, 17 A. L. R. 179; Willenbrock v. Latulippe, 125 Wash. 168, 215 P. 330.

It is insisted, however, that the intention of the parties as derived from the terms of the contract must be given effect, and that the character of the subject-matter and the admeasurement of the rental in this particular lease manifest a purpose on the part of the lessor by the clause in question to retain supervision over the occupancy and operation of his filling station. If such was the purpose, no apt words were chosen to express it. It is as plausible, at least, to argue that the lessee, in assuming the obligations of a lease for such a long period, had in mind the prospect of an advantageous sale if fortunate results attended the enterprise. It cannot be assumed from the use of a phrase, which ordinarily is not understood to mean any more than it expresses, that the party entitled to all the earnings of the station, except that part to be paid as rental, would be willing to make his right to dispose of such a valuable property subject to the veto of the landlord. It is more likely that the intention of the contracting parties will be effectuated by construing the language of the contract according to the customary meaning of the words employed to express that intention.

It results that the restriction on the right to sublet the premises contained in the lease did not prevent an assignment thereof, or require compliance with the conditions prescribed for subleasing. Moreover, the assignment or transfer of a lease in violation of a covenant does not automatically terminate the lease. Schneider v. Springmann (C. C. A.), 25 F. (2d) 255. At most, it merely constitutes a ground of forfeiture, at the option

162

of the lessor, and it may be waived, or relinquished. Such a ground of forfeiture is waived by the acceptance of rental from the assignee, with knowledge of the assignment, unless circumstances are shown to rebut the presumption arising from such fact. 35 C. J., pp. 1077-1980, secs. 252-254; 16 R. C. L., p. 1130, sec. 651; Rich v. Rose, 124 Ky. 669, 99 S. W. 953; Biehl v. Wiedemann, 189 Ky. 364, 224 S. W. 1057; Merritt v. Kay, 54 App. D. C. 152, 295 F. 973. But, since no ground of forfeiture existed, it is unnecessary to consider the matter of waiver resulting from the acceptance of rental from the assignee, or the consequences of the conduct of the landlord in that or in any other particular.

The judgment is reversed, with direction to dismiss the proceedings.

Whole court sitting.