**MacFADDEN–DEAUVILLE HOTEL, Inc.**
**v. MURRELL et al.**
No. 13000.

United States Court of Appeals
Fifth Circuit.
May 26, 1950.

Richard H. Hunt, Miami, Fla., for appellant.

R. H. Ferrell, Miami, Fla., John M. Murrell, Miami, Fla., Charles Danton, Miami Beach, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Another of the oft recurring and practically continuously maintained litigations involving features of ownership, leasehold interest and operation of the Deauville Hotel and premises on Miami Beach, this appeal challenges the correctness of the orders of the trial Court which, preliminarily, and then permanently, enjoined appellant from proceeding with described litigation except upon conditions stated.[1] Invalidity of service and absence of process; insufficiency of the time allowed for answer; failure of the Court to make findings of fact and conclusions of law; and the impropriety otherwise of the grant of the injunction, as a matter of fact and law, are vigorously urged by appellant.

Upon consideration of the record it clearly appears that no matter what requirements of service, of process, of manner of hearing, and pronouncement of judgment we might approve, the proper ultimate disposition of the application for an injunction is and must be controlled by the answer to one fundamental question which is now presented. Therefore, in order to serve judicial efficiency, we pass over the procedural questions and proceed to the merits.

We conclude that the application for an injunction did not, nor in the circumstances here could it be made to, afford any basis for the issuance of a permanent injunction. Upon the hearing no evidence was introduced, and the permanent injunction has for the basis of its issuance only the allegations of the application of the appellee receivers. As appears from the recitals in footnote 1, supra, the purpose of the application and the result of the grant of the injunction as prayed, was to prevent even the conduct of any litigation between other parties which might affect the asserted right of the appellee receivers "to approve or disapprove any change or proposed change in the tenancy," of the property in the custody of the Court. This contention is also otherwise stated, in the language of the application for injunction, "that the rent under the said lease is based upon a percentage of the gross income of the hotel, and, as a consequence, the said lease contract is a personal contract and not assignable." This statement is further amplified by the allegation that the value of the fee simple title would be materially diminished if assignment of the lease to tenants who would not properly operate the hotel was permitted. We hold

---

1. "That MacFadden-Deauville Hotel, Inc., a Florida corporation, and its officers, agents, servants, attorneys and assigns, be and they are hereby temporarily enjoined and restrained, until the further order of this Court, from instituting any suit or cause of action, or from having any further proceedings, or entering any further orders, in any pending suit or cause of action in any Court of competent jurisdiction, including without limiting the generality of the foregoing, said action instituted by the said MacFadden-Deauville Hotel, Inc., and now pending in this Court being No. 2956-M-Civil, which in any way presents or may present, as one of the issues in said suit or action, the right of John M. Murrell and D. H. Redfearn, as Receivers of Deauville Corporation, to approve or disapprove any change or proposed change in the tenancy of the MacFadden-Deauville Hotel property, now in the custody of this Court, or any suit or action which may have as one of its purposes, or one of its effects, directly or indirectly, a change in the existing tenancy of said property, or a change in the ownership of the capital stock of any corporation which may be a tenant of said property, unless and until said receivers shall have been made parties to any such suit or action."

On July 18, 1949, the Court "Ordered, Adjudged and Decreed that the said Preliminary Injunction of this Court entered in this cause on the 24th day of June, A.D.1949, against MacFadden-Deauville Hotel, Inc., a Florida corporation, and others, be, and the same is hereby made a Permanent Injunction."

that the lease in question does not evidence the claimed right to disapprove assignment of it. The grant of the injunction evidences an acceptance of the contentions of the receivers, and in this the trial Court erred.

The appellant sought by a proceeding in the Florida State Court, which was removed by the defendants to the Federal Court, and then by a Judge presiding in that Court ordered remanded, to compel the specific performance by the lessee of an agreement to assign its rights in and under the lease in question to appellant. The indenture, dated June 14, 1935, evidenced a lease by Thomas Manor, Inc., a Florida corporation, to Garden Suburbs Golf and Country Club, Inc. a New Jersey corporation, for the term of 33 years of "the property generally known as 'beautiful Deauville,'" particularly described, together with the buildings and things appurtenant thereto. Some of the terms of the lease are referred to in Deauville Corporation v. Garden Suburbs Golf and County Club, 5 Cir., 164 F.2d 430, in which this Court considered a contention that the lease had been forfeited by the non-payment of proper rent. By the record in that case we are informed that on January 10, 1944, the Deauville Corporation (whose receivers are appellees here), "acquired by assignment and deeds all of the right, title and interest of Thomas Manor, Inc., in and to said premises and said lease as lessor thereof." The lease provides for the payment of rental based upon a percentage of the annual gross receipts of any business conducted by the tenant on the premises, but with a guarantee of a minimum rental of $15,000.00 per annum, and requires the payment by the tenant of taxes, assessments and insurance. The agreements to be performed by the tenant during the term of the lease, which are afterwards denominated covenants, relate only to the

payment of rent, payment of taxes, assessments and insurance; the keeping of the premises in good repair, and the maintenance of adequate insurance. In the event of default as to any of these covenants, provision is made for the landlord's right to terminate the lease unless default be remedied within prescribed days after receipt of notice of such intention. The lease contains no provision forbidding the assignment of the lessee's estate for years. The tenant is provided the right to sublet portions of the premises. The only reference, even indirectly, to assignment is in paragraph 13.[2]

The question of the assignability of the lease by the lessee must be determined by the provisions of the lease and the applicable law of Florida. This law has been clearly stated by the Supreme Court of that State in the case of Frissell v. Nichols, 94 Fla. 403, 114 So. 431, as follows: "We understand the law to be that, unless stipulated to the contrary, the right to assign is incidental to and runs with a lease." Indeed the Florida law is in accord with the rule generally prevailing, well stated in Tiffany on Real Property, Vol. 1, Section 118, and supported by numerous authorities there cited, that "an estate for years may always be assigned by the owner thereof unless this power is expressly restrained, and the absence of the word 'assigns' in the lease is immaterial."

The appellee receiver contends that the present is an exception to the general rule because of the subject matter of the lease (of a hotel), and of the provision for a rental computed upon a percentage of the income. We do not agree. It is generally recognized that the provision for rental to be computed upon a percentage of income, does not make the lease agreement a personal undertaking so as to bring it within the exception recognized in such a case.[3] Especially is this so where as here,

2. "The Landlord covenants that the Tenant on paying the said yearly rent and percentages herein provided for, and performing the covenants herein contained, shall and may peaceably hold and enjoy the said demised premises for the term aforesaid, and it is mutually understood and agreed that the covenants contained in the within lease shall be binding upon the parties hereto and upon their respective successors and assigns."

3. Cities Service Oil Company v. Taylor, 242 Ky. 157, 45 S.W.2d 1039, 79 A.L.R. 1374.

there is provision for a substantial fixed minimum rental payment and where the term of the lease is a period of 33 years. But if there could be any possible doubt of the correctness of this view, it is conclusively removed in this case by the fact that the lease agreement which appellees hold was originally made by a corporation, to a corporation, with no provision restraining assignment, and without any attempt (regardless of its legal efficacy), to control the corporate officers or to restrain the sale and transfer of stock, or the voting thereof. This lease evidences no personal obligation to operate the premises. It contains no restraint upon assignment and the rights of the lessee thereunder are assignable by it. The application of the appellees therefore was without legal merit, and the grant of an injunction predicated thereon was erroneous. The fact, relied upon by appellees, that a former assignment of the lease had not been accepted until the matter was presented to the Court and by it approved, does not change the matter.

The Court should have sustained the appellant's motion to vacate the preliminary injunction, and likewise should have dismissed the application. The judgment of the trial Court is Reversed and the cause remanded with direction to vacate the injunction and dismiss the application of the appellees.