## CITIZENS FIDELITY BANK & TRUST CO. v. NORFLEET.

Court of Appeals of Kentucky.

Oct. 24, 1952.

Smith & Blackburn, Ben D. Smith, Somerset, for appellant.

Russell Jones, Fritz Krueger, Somerset, for appellee.

CAMMACK, Chief Justice.

This is a declaratory judgment proceeding between a lessor and an assignee of the original lessee concerning the assignee's right to sublease a part of the premises. The appeal is from a judgment upholding the assignee's right to sublease.

In January, 1946, Mr. and Mrs. Beecher Smith executed a lease on a store building in Somerset to Butler Brothers. The lease runs to the last of February, 1957, and provides for a rental of $250 per month. In May, 1948, Butler Brothers assigned the lease to the appellee, J. E. Norfleet. The Smiths gave written consent to the assignment. In a short time Norfleet subleased the second floor of the building to the Commonwealth of Kentucky for office purposes. Approximately two years later the Smiths, through the Citizens Fidelity Bank & Trust Company as committee for Beecher Smith, notified Norfleet that he must either vacate the premises or pay a monthly rental of $500.

The original lease restricted the use of the premises to mercantile purposes and gave only Butler Brothers the right to sublease. Obviously, Norfleet had no right, under the original lease, to sublease a part of the premises. Norfleet contends, however, that, since the Smiths had knowledge of his sublease and accepted rentals from him for nearly two years after it was made, they are estopped from enforcing the provision of the original lease against subleasing. An examination of the record shows that the Smiths did have knowledge of Norfleet's subleasing the second floor. As we have noted, they continued to accept the rentals for approximately two years.

The subleasing of the second floor of the building did not automatically terminate the lease, but rather it constituted a ground of forfeiture at the option of the Smiths. As said in Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S.W.2d 1039, 79 A.

L.R. 1374, such a ground of forfeiture is waived by the acceptance of rental from the assignee, with knowledge of the assignment, unless circumstances are shown to rebut the presumption arising from such a situation.

Under the circumstances, we think the judgment should be and it is affirmed.