**COLEMAN v. OWENS et al.**

Court of Appeals of Kentucky.

Jan. 16, 1953.

Francis M. Burke, Pikeville, for appellant.

Baird & Hays, Pikeville, for appellee.

DUNCAN, Justice.

Appellees instituted this action to recover damages for the alleged wrongful removal of a coal loading ramp from their land. The trial before a jury resulted in a verdict for appellees for $2,500. Several grounds for reversal are urged, among which is the failure of the court to peremptorily instruct the jury to find for appellant. In view of the conclusion which we have reached, we shall consider only this single question.

On June 14, 1941, the appellees, joined by their mother, who has since died, leased to one Harvey Mullins the land in question. The term of the lease was five years, and it was provided that at its expiration the lessee might remove all improvements placed on the leased premises. Mullins constructed a coal ramp which was used for the purpose of loading coal for shipment by rail.

Mullins operated the property until June, 1943, when he was forced into bankruptcy. The lease and ramp were sold by the trustee in bankruptcy as part of the bankrupt estate. Willie Miller and W. V. Ratliff purchased the property and operated as partners until the summer of 1945. Ratliff then sold his interest to Miller and subsequently repurchased the lease and equipment. Thereafter, Ratliff transferred the lease to appellant, H. A. Coleman. The latter transaction occurred about the time of the expiration of the original term of the Mullins lease.

On June 22, 1946, appellees executed a new lease to appellant for a period of five years. This lease likewise provided that at the expiration of the term the lessee should have the right to remove improvements which he had placed upon the property. At or near the end of the latter term, appellant removed the improvements, including the ramp originally constructed by Mullins.

Appellees insist that the Coleman lease merely authorized the appellant to remove the improvements which he had placed upon the premises and that the improvements erected by Mullins had become the property of the lessors because they were not removed within the term of the Mullins lease. Appellant contends that his purchase of the Mullins lease necessarily included the ramp and that its subsequent removal was authorized under the provisions of both leases.

An assignment of a lease transfers the entire interest of the lessee, or if the assignment is merely pro tanto, it passes the entire interest in that part of the demised property which is assigned. Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S.W.2d 1039, 79 A.L.R. 1374; Bowling v. Garber, 250 Ky. 137, 61 S.W.2d 1102. The assignment in this case purported to be of the entire leasehold and, therefore, all of the original lessee's interest passed to appellant, including the right to remove improvements erected by the lessee.

The right to remove improvements does not end on the expiration date of the lease. Necessarily, the lessee is allowed a reasonable time within which to effect the removal. It is immaterial whether the Mullins lease was transferred to appellant before or after its expiration. The first lease expired on June 14, 1946, and the second was executed eight days later on June 22. What is considered a reasonable time may vary according to the facts and circumstances of each case. A given period may be considered reasonable under one situation but may be unreasonable under another. It is certain, however, that under the facts in this case eight days was not an unreasonable time, and there had been no abandonment of the Mullins improvements to the lessors.

Appellees question the fact that the Mullins lease was ever assigned to appellant. Although no written assignment was introduced, appellant testified as to his purchase, and the second lease recited that appellant had previously acquired all of the rights conferred by the Mullins lease. The recitation in the latter instrument, standing alone, would have been sufficient to establish the purchase as between the parties to that lease. Engle v. Bond-Foley Lumber Co., 173 Ky. 35, 189 S.W. 1146.

The lower court should have peremptorily instructed the jury to find for appellant. The judgment is reversed for proceedings consistent with this opinion.