## LADAS *v.* PSIHARIS.

1. PARTNERSHIP—TRUSTS—COPARTNER WHO SECRETLY OBTAINS RE-
NEWAL LEASE IS TRUSTEE FOR COPARTNERSHIP.

   Generally, where a copartnership is the holder of a lease
   and a member secretly takes a renewal lease in his own
   name and for his own benefit without the assent of his
   copartners, it will inure to the benefit of the firm, and he
   is to be treated as a trustee thereof for the firm; and,
   where the rule is otherwise applicable, it matters not that
   the new lease is upon different terms from the old one,
   or for a larger rent, or that it contains a covenant against
   assignment without the landlord's consent, or that he
   would not have leased to the firm.

2. EQUITY — MOTION TO DISMISS — WHEN SUIT PREMATURELY
BROUGHT.

   A demurrer or motion to dismiss a bill on the ground that
   it was prematurely filed will lie only where it appears
   on its face that it was filed before the plaintiff became
   entitled to enforce his right.

3. PARTNERSHIP—SUIT TO REQUIRE PARTNER TO ASSIGN RENEWAL
LEASE TO PARTNERSHIP NOT PREMATURELY BROUGHT.

   A suit to require a partner to assign to the partnership
   a renewal lease, which he had secretly obtained, and
   to require the lessor to consent thereto, was not pre-
   maturely commenced, where said renewal lease was al-
   ready executed, although the old lease under which the
   partnership went into possession had nearly two years to
   run.

4. LANDLORD AND TENANT—TRUSTS—WHEN LESSOR COMPELLED TO
ASSENT TO ASSIGNMENT OF LEASE.

   A lessor must bow to the occupancy of his premises by
   persons not of his own choosing only where the facts
   bring the case within the rule that the lessee is a trustee
   for a partnership or firm.

[1]Partnership, 30 Cyc. p. 459; 32 L. R. A. (N. S.) 869; 20 R.
C. L. 882; [2]Equity, 21 C. J. §§ 475, 806 (Anno); [3]Partnership, 30
Cyc. p. 472 (Anno); [4]Landlord and Tenant, 35 C. J. § 60 (Anno).

5. SAME—PARTIES—LESSOR ENTITLED TO HEARING IN SUIT REQUIR-
ING ASSIGNMENT OF LEASE.

> A lessor is entitled to question on his own account whether
> a renewal lease was taken by a partner surreptitiously
> and without the consent of the copartners, and, therefore,
> is a necessary party to a suit to require him to assign
> it to the copartnership, to the end that a full and final ad-
> judication of the rights of all the parties may be had.

6. EQUITY — PARTIES—EQUITY DEMANDS THAT ALL PERSONS IN-
TERESTED IN SUBJECT-MATTER BE MADE PARTIES.

> The fundamental rule as to parties to suits in equity is
> that, however numerous they may be, all persons interested
> in the subject-matter of the suit and its results should be
> made parties, it being the aim of the court of equity to
> do complete justice by embracing the whole subject, to
> decide upon and settle the rights of all persons interested
> therein, to make the performance of the orders perfectly
> safe to those who have to obey, and to prevent further
> litigation.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 18, 1927. (Docket No. 17.) Decided December 1, 1927.

Bill by Mike Ladas and another against John Psiharis and Emma L. Magoon to establish an interest in a lease. From a decree dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Willard G. Turner, Jr.,* and *Alexis J. Rogoski,* for plaintiffs.

*Carpenter & Jackson,* for defendant Magoon.

FLANNIGAN, J. This is an appeal from a decree dismissing the bill of complaint as to defendants Psiharis and Emma L. Magoon on their motion founded on the ground that plaintiffs were not entitled to any relief in a court of equity on the case made or stated

[5]Partnership, 30 Cyc. p. 472 (Anno); [6]Equity, 21 C. J. § 253.

therein.    The bill was dismissed as to defendant Edward D. Magoon by consent.

The material facts alleged in the bill and which, on this appeal, must be taken as true, are that plaintiffs and defendant Psiharis are copartners engaged in a restaurant business at 252 W. Western avenue, Muskegon.    Defendant Emma L. Magoon is the owner of the premises.    She leased for a term of five years from February 1, 1924, to a tenant who, with her written consent, assigned to the copartnership October 17, 1925.    The restaurant proved a success financially and the partners, including Psiharis, determined to apply for a renewal lease.    So confident were they a renewal lease could be negotiated that in anticipation thereof they improved the building and equipment at a cost of several thousand dollars.    With the object of profiting personally, Psiharis, without the knowledge or consent of his copartners, secretly applied for and obtained from Mrs. Magoon a lease of the premises running to himself for a term of three years beginning at the expiration of the lease under which the copartnership is in occupancy.    The rent reserved was $200 a month plus, as he claims, $600 cash in advance. Upon learning of the execution of the lease to Psiharis, plaintiffs requested an assignment to the copartnership, offering to pay him their proportion of the $600, and to perform in all respects the terms and conditions of the renewal lease.    Psiharis would not listen, insisting the lease was his property and that his partners had no interest in it.    Plaintiffs endeavored to obtain a copy of the lease to Psiharis but failed.    That it contains a clause prohibiting assignment without consent of the lessor may be inferred from the briefs of counsel.    When the bill was filed the lease under which the copartnership went into possession had nearly two years to run.    The bill prayed for a decree ordering an assignment by Psiharis to the copartnership, re-

quiring consent to such assignment by Mrs. Magoon and for general relief.

. From the opinion of the learned circuit judge it appears he did not conclude a case entitling plaintiffs to relief was not stated but that the bill was prematurely filed because the copartners were in quiet possession under a lease having at the date of hearing over a year to run "with no indication they will be ousted until the expiration of their present lease, at least, and possibly not then." For that reason the bill was dismissed as to Psiharis and as to Mrs. Magoon for that and the further reason she was not a necessary or proper party.

Counsel for Mrs. Magoon, in their brief, consent, as far as she is concerned, to a decree holding Psiharis trustee of the renewal lease for his firm, but insist she is not interested and neither a necessary nor proper party and should not be put to the annoyance and expense of defending. We are not favored with a brief on behalf of Psiharis.

If plaintiffs are successful in proving the case stated in the bill, a decree declaring Psiharis a trustee of the renewal lease for the benefit of the firm should follow. It is generally held that where a copartnership is the holder of a lease and a member secretly takes a renewal lease in his own name and for his own benefit without the assent of his copartners, it will inure to the benefit of the firm, and he is to be treated as a trustee thereof for the firm. *Mitchell* v. *Reed,* 61 N. Y. 123 (19 Am. Rep. 252) ; *Featherstonhaugh* v. *Fenwick,* 17 Ves. Jr. 298; *Knapp* v. *Reed,* 88 Neb. 754 (130 N. W. 430, Ann. Cas. 1912B, 1095), and cases in annotations thereto in 32 L. R. A. (N. S.) 869. In *Chittenden* v. *Witbeck,* 50 Mich. 401, the doctrine was approved but held not applicable under the facts there presented. Justice COOLEY, who wrote the opinion in that case, said:

"If these (*Featherstonhaugh* v. *Fenwick,* and *Mit-*

*chell* v. *Reed*) and similar cases are applicable to the facts now under investigation, we should not hesitate to apply them; for the general principle they declare is not only one of law but of common honesty."

Where the rule is otherwise applicable, it matters not that the new lease is upon different terms from the old one, or for a larger rent, or that it contains a covenant against assignment without the landlord's consent, or that he would not have leased to the firm. *Mitchell* v. *Reed, supra; Featherstonhaugh* v. *Fenwick, supra.* See, also, *Miller* v. *Pond,* 214 Mich. 186 (17 A. L. R. 179), where it is held a covenant forbidding assignment of a lease to a copartnership without the consent of the lessor is not violated by the action of the lessees in taking in another partner.

A demurrer or motion to dismiss will lie to a bill on the ground it was prematurely filed only where it appears on its face it was filed before the plaintiff became entitled to enforce his right.    21 C. J. p. 437. The bill in this case was not prematurely filed.    It was not filed until after Psiharis obtained the renewal lease.    The instant he obtained it, assuming he did so in the manner alleged in the bill, the copartnership became the equitable owner of it and plaintiffs became entitled to have it so decreed and to proceed at once for the enforcement of their right in that regard.

A lessor must bow to the occupancy of his premises by persons not of his choosing only where the facts bring the case within the operation of the rule referred to. He is entitled to his day in court to litigate the question whether the facts justify application of the rule.    To that end, he may come in as plaintiff if he is not brought in as a defendant.    An adjudication in a case against Psiharis would not foreclose Mrs. Magoon. She is entitled to contest on her own account the question whether the renewal lease was taken by him surreptitiously and without the consent of his copartners.

Her presence before the court is, therefore, essential to a full and final adjudication of the rights of all parties. The fundamental rule as to parties to suits in equity is that, however numerous they may be, all persons interested in the subject-matter of the suit and its results should be made parties. The reason for the rule is the aim of the court of equity to do complete justice by embracing the whole subject, deciding upon and settling the rights of all persons interested in the subject-matter, to make the performance of the orders perfectly safe to those who have to obey it, and to prevent further litigation. 21 C. J. p. 258.

The decree dismissing the bill as to defendants Emma L. Magoon and Psiharis is reversed and the case remanded for further proceedings not inconsistent with this opinion. Plaintiffs will recover costs of both courts from defendant Psiharis.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.